**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2011[*]
Decided January 20, 2011

*By the Court:*

No.  10-2699

| | |
|---|---|
| BERNARD TOCHOLKE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 09-C-1125 |
| | |
| STATE OF WISCONSIN, | Patricia J. Gorence, |
| *Defendant-Appellee.* | *Magistrate Judge.* |

### O R D E R

Bernard Tocholke appeals the dismissal of his civil-rights complaint, in which he alleged constitutional violations in the course of state-court proceedings concerning the dissolution of his marriage and the custody of his children.  We affirm.

Tocholke's complaint derides Wisconsin state judges, court commissioners, and a court-appointed guardian ad litem for depriving him of his life, liberty, and property without due process.  He alleges, for instance, that court personnel engaged in "malicious prosecution" and "abuse of process" by incorrectly calculating his income for child-support purposes, altering transcripts of court proceedings, and wrongfully incarcerating him for nonpayment of child support.  Although Tocholke complains of judicial misconduct by various court personnel, he named only the State of Wisconsin as a defendant.  The magistrate judge, presiding by the parties' consent, construed Tocholke's complaint as one

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2)(C).

brought under 42 U.S.C. § 1983, and dismissed it on the ground that the State of Wisconsin is not a "person" within the meaning of the statute and therefore could not be sued under the statute.

On appeal Tocholke rehashes his displeasure with the judicial system generally, and we strain to ascertain any argument developed enough to warrant consideration. *See* FED. R. APP. P. 28(a); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). He does assert that the district court misconstrued his complaint as being brought under § 1983 and thereby wrongly dismissed it for naming an improper defendant. But he provides no alternative basis for federal jurisdiction, and the magistrate judge acted within her discretion in construing his claims as arising under § 1983. Indeed, his request for damages from state judicial and quasi-judicial actors for violating his constitutional rights is a common basis for § 1983 suits. *See, e.g., Dawson v. Newman*, 419 F.3d 656, 658 (7th Cir. 2005); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 182 (3d Cir. 2009); *Huminski v. Corsones*, 396 F.3d 53, 58, 70 (2d Cir. 2005). The magistrate judge was also correct to dismiss Tocholke's complaint against the State of Wisconsin because a state is not a "person" subject to suit under § 1983, *see, e.g., Haywood v. Drown*, 129 S. Ct. 2108, 2113 n.4 (2009); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Ill. Dunesland Pres. Soc'y v. Illinois Dept. of Natural Res.*, 584 F.3d 719, 721 (7th Cir. 2009), and Tocholke never sought to amend his complaint to include individual court personnel or state officials as defendants, *see* FED. R. CIV. P. 15(a); *Abcarian v. McDonald*, 617 F.3d 931, 934 (7th Cir. 2010).

AFFIRMED.