OPINION OF THE COURT
PADOVA, Senior District Judge.
Appellants Daniel Todd Slinger, Joanne Slinger, and Gregory Slinger brought this action against Michael Rubinaccio, Joseph Devine, and Michael J. Rogers (collectively “Appellees”) for false arrest, wrongful incarceration, wrongful entry into the Sling-ers’ home, and negligence pursuant to 42 U.S.C. § 1983 and state law. They appeal from an order of the United States District Court for the District of New Jersey dismissing their claims against Appellees pursuant to Federal Rule of Civil Procedure 12(b)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. For the following reasons, we will reverse.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only the facts alleged in the Complaint that are necessary to our analysis. The Slingers are residents of Rox-bury Township, Morris County, New Jersey. At all relevant times, Rubinaccio was the Prosecutor of Morris County, Devine was the Chief of Detectives in the Morris County Prosecutor’s Office, and Rogers was employed by the Morris County Prosecutor’s Office as a Sergeant.
Daniel Slinger lived with his mother, Joanne Slinger, and his brother, Gregory Slinger. Sometime between 6:00 a.m. and 7:30 a.m. on November 19, 2005, law enforcement personnel entered the Slinger residence and arrested Daniel Slinger pursuant to a warrant issued by a judge of the New Jersey Superior Court on November 18, 2005. Daniel Slinger was then transported to the Morris County Correctional Facility where he was held until his moth *359 er posted bail for him later that day. Daniel Slinger’s arrest allegedly resulted from a negligent investigation in which he was misidentified as a participant in criminal activity. Rogers was the complainant on the warrant. The charges against Daniel Slinger were administratively dismissed on December 14, 2005.
The Complaint asserts claims against the State of New Jersey, the County of Morris, the Morris County Prosecutor’s Office, Appellees, and John Does 1-20. The claims against Appellees are brought against those individuals in both their official and individual capacities. The Complaint asserts claims against all Defendants for negligence pursuant to New Jersey common law; false arrest and false imprisonment pursuant to New Jersey common law, N.J. Stat. Ann. § 10:6-2, and 42 U.S.C. § 1983; wrongful and war-rantless entry into a residence pursuant to New Jersey common law, N.J. Stat. Ann. § 10:6-2, and 42 U.S.C. § 1983; and negligent and careless training and supervision pursuant to New Jersey common law, N.J. Stat. Ann. § 10:6-2, and 42 U.S.C. § 1983.
Motions to Dismiss were filed by the State of New Jersey, the County of Morris, and collectively by the Morris County Prosecutor’s Office and Appellees. The District Court granted all three Motions. See Slinger v. New Jersey, Civ. A. No. 07-5561, 2008 WL 4126181, at *1 (D.N.J. Sept. 4, 2008). The District Court dismissed the claims against all Defendants, except for the County of Morris, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that these Defendants were immune from suit pursuant to the Eleventh Amendment. The District Court dismissed the Slingers’ claims against the County of Morris for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Slingers moved for reconsideration of the District Court’s order granting the Motions to Dismiss. App. at 217a-224a. The District Court denied that Motion. See Slinger v. New Jersey, Civ. A. No. 07-5561, 2008 WL 5416402 (D.N.J. Dec. 22, 2008). The Sling-ers do not presently challenge the dismissal of their claims against the State of New Jersey, the County of Morris, or the Morris County Prosecutor’s Office.
II.
The Slingers ask us to find that the District Court erred in dismissing the claims they asserted against Appellees in their individual capacities. Our standard of review of the District Court’s dismissal of an action pursuant to Federal Rule of Civil Procedure 12(b)(1) is plenary. Solis v. Local 234, Transp. Workers Union, 585 F.3d 172, 176 (3d Cir.2009) (citing Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir.2000) and Reich v. Local 30, Int'l Bhd. of Teamsters, 6 F.3d 978, 981-82 (3d Cir.1993)).
Appellees asserted a facial challenge to subject matter jurisdiction. A facial attack on subject matter jurisdiction contests “the sufficiency of the pleadings, and the trial court must accept the complaint’s allegations as true.” Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n. 4 (3d Cir.2002) (citation omitted). Consequently, “ ‘[i]n an appeal from a grant of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.’” Common Cause of Pennsylvania v. Pennsylvania, 558 F.3d 249, 257 (3d Cir.2009) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir.2006)).
*360 III.
The District Court based its dismissal of the Slingers’ claims against Appellees on the Eleventh Amendment. “The Eleventh Amendment to the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court, regardless of the relief sought.” Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir.2009) (citing MCI Telecomm. Corp. v. Bell Atl. Pa., 271 F.3d 491, 503 (3d Cir.2001)). Eleventh Amendment immunity also applies to a county agency if the state is the real party-in-interest. Chisolm v. McManimon, 275 F.3d 315, 322 (3d Cir.2001) (citing Ford Motor Co. v. Dep’t of Treasury of Ind., 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945)). This immunity further extends to employees of that agency sued in their official capacities. See Capogrosso, 588 F.3d at 185 (citing Hirsh v. Justices of Supreme Court of Cal., 67 F.3d 708, 715 (9th Cir.1995)). The Slingers do not challenge the District Court’s determination that Appellees are entitled to Eleventh Amendment immunity in their official capacities.
The District Court, however, also determined that Appellees are entitled to Eleventh Amendment immunity when sued in their individual capacities because the claims against them arose from their performance of their official law enforcement duties:
Despite Plaintiffs having pled that the Prosecutor Defendants are being sued in both their individual and official capacities, all of the actions which form the basis of the Complaint were taken by Prosecutor Defendants in their official capacities. There are no facts alleged in the Complaint that suggest that the Prosecutor Defendants acted outside of their official capacity. The Complaint only makes allegations as to Prosecutor Defendants’ conduct in investigating and arresting Daniel. Assuming Rubinaccio participated in the execution of a lawfully obtained arrest warrant at Plaintiffs’ home, such action was an execution of his prosecutorial duties. Similarly, any actions taken by Devine and Rogers, such as swearing to the arrest warrant, were thereby taken in their official capacities as an active part of the investigation they were conducting. Therefore, violations by Prosecutor Defendants, if any, “arose out of the execution of their sworn duties to enforce the law using all the tools lawfully available to them to combat crime.” Hyatt v. County of Passaic, [Civ. A. No. 04-1545, 2008 WL 839556, at *11 (D.N.J. Mar. 24, 2008) ]. Accordingly, all such conduct is properly considered “official.” Therefore, the Complaint against Prosecutor Defendants is dismissed because it is a suit against them in their official capacities as State employees.
Slinger, 2008 WL 4126181, at *10.
The Slingers contend that this determination was erroneous. They are correct. The Supreme Court held in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), that the Eleventh Amendment does not bar suits brought against state officials in their individual capacities, even if the actions which are the subject of the suit were part of their official duties: “We hold that state officials, sued in their individual capacities, are ‘persons’ within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the ‘official’ nature of their acts.” Id. at 31, 112 S.Ct. 358. See also Scheuer v. Rhodes, 416 U.S. 232, 237, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (“[SJince Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), it has been *361 settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law.”). We conclude, accordingly, that the District Court erred in dismissing the claims brought by the Slingers against Ap-pellees in their individual capacities for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).
Appellees argue that we should affirm the decision of the District Court notwithstanding any error, because the Slingers waived this claim, either through the invited error doctrine or by failing to preserve their claim of error before the District Court. The invited error doctrine “prohibits a defendant from seeking appellate review of alleged errors invited or induced by himself.” United States v. Riccobene, 709 F.2d 214, 228 (3d Cir.1983) (internal quotation omitted). Appellees contend that the Slingers invited the District Court’s error by conceding, in their letter brief opposing the Motions to Dismiss, that “the technical arguments regarding 11th Amendment immunity and official capacity are in all likelihood well founded” and stating that they were “willing to enter Stipulations of Dismissals to that effect.” App. at 197a. The Slingers did not invite the District Court’s error, however, because they specifically excluded their individual capacity claims from that concession, stating that “[t]he individual claims and qualified immunity require discovery.” Id.
The Slingers also asserted their claim of error before the District Court in their letter brief supporting their Motion for Reconsideration of the District Court’s dismissal of the Complaint. The Slingers argued, in that brief, that the District Court “improperly dismissed the claims against the [Appellees] based upon their individual capacities” and that “clear Constitutional violations ... would subject those involved [to] individual capacity lawsuits.” Id. at 221a, 224a. We conclude that the Slingers thereby preserved this issue for appeal. See In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 262 (3d Cir.2009) (“For an issue to be preserved for appeal, a party ‘must unequivocally put its position before the trial court at a point and in a manner that permits the court to consider its merits.’ ” (quoting Shell Petroleum, Inc. v. United States, 182 F.3d 212, 218 (3d Cir.1999))).
Appellees also contend that we should affirm the District Court’s decision dismissing the Complaint even if the District Court erred with respect to the Eleventh Amendment analysis, because the Complaint fails to state claims against them upon which relief may be granted. “ ‘[W]e may affirm a correct decision of the district court on grounds other than those relied upon by the district court.’ ” Holk v. Snapple Beverage Coup., 575 F.3d 329, 335 (3d Cir.2009) (quoting Cent. Pa. Teamsters Pension Fund v. McCormick Dray Line. Inc., 85 F.3d 1098, 1107 (3d Cir.1996) and citing Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224 (1937)). “However, this rule does not apply to cases in which the party has waived the issue in the district court.” Id. We may only “ ‘affirm the lower court’s ruling on different grounds [if] the issue which forms the basis of our decision was before the lower court.’ ” Id. at 335-36 (quoting Morse v. Lower Merion Sch. Disk, 132 F.3d 902, 904 n. 1 (3d Cir.1997) and citing Exxon Shipping Co. v. Baker, — U.S. —, 128 S.Ct. 2605, 2616-18, 171 L.Ed.2d 570 (2008) and Bailey v. Dart Container Carp, of Mich., 292 F.3d 1360, 1362 (Fed. Cir .2002)).
Appellees argue that the Complaint fails to state a claim upon which relief may be granted for two reasons: (1) because it does not allege facts upon which it could *362 be concluded that there was no probable cause underlying the warrant for Daniel Slinger’s arrest and (2) because New Jersey does not recognize a cause of action for negligent investigation. None of the Defendants in this action, including Appel-lees, raised these grounds for dismissal of the Complaint before the District Court. See App. at 57a-237a. Consequently, these arguments may not be considered in this appeal.
IV.
For the foregoing reasons, we will reverse the District Court’s dismissal of the Complaint as to the claims asserted against Appellees in their individual capacities and we will remand this action with instructions that the District Court permit those claims to go forward.