**In re Jacquelyn B. N'JAI, Petitioner.**

**No. 10–1061.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
March 4, 2010.

Filed: March 9, 2010.

Jacquelyn B. N'Jai, Pittsburgh, PA, pro se.

Mariah Passarelli, Esq., Office of Attorney General of Pennsylvania, John W. Smart, Esq., Robert G. Wible, Esq., Andrews & Price, Lindsay S. Mork, Esq., John G. Shorall, II, Esq., Smith, Cohen & Mork, Pittsburgh, PA, Robert B. Smith, Esq., Hannoch & Weisman, Roseland, NJ, for Defendants–Respondents.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Jacquelyn N'Jai seeks a writ of mandamus requesting "investigations" and "review" of an employment discrimination action that she unsuccessfully pursued in the United States District Court for the Western District of Pennsylvania. For the following reasons, we will deny the mandamus petition.

A writ of mandamus is an extraordinary remedy. *See In re Pasquariello,* 16 F.3d 525, 528 (3d Cir.1994). The petitioner must have no other adequate means to obtain the relief desired and the petitioner must show a "clear and indisputable" right to the writ. *See Kerr v. United States District Court,* 426 U.S. 394, 403, 96 S.Ct.

2119, 48 L.Ed.2d 725 (1976). In addition, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. *See In re Ford Motor Co.,* 110 F.3d 954, 957 (3d Cir.1997).

N'Jai baldly asserts that the judge in the employment discrimination case, the Honorable Nora Barry Fischer, and "some attorney defendants, along with the [Equal Employment Opportunity Commission] and [the Pennsylvania Human Relations Commission] conspired to misuse the District Court, thereby ... [den]ying ... Plaintiff's civil right to seek redress in a court of law and recover damages, ... an impartial due process, and equal protection of the law." This alleged conspiracy, however, is primarily based on unfavorable rulings by the District Court, rather than on any judicial misconduct or fraud on the court. Because N'Jai's challenges to the adverse rulings can be raised on appeal, mandamus relief is not appropriate.[1] *See In re Briscoe,* 448 F.3d 201, 212 (3d Cir. 2006). To the extent that N'Jai claims that Judge Fischer and the defendants acted in concert to interfere with her lawsuit, we conclude that her unsubstantiated allegations do not support a conspiracy claim warranting relief through mandamus or otherwise. *Cf. Capogrosso v. The Supreme Court of N.J.,* 588 F.3d 180, 184–85 (3d Cir.2009) (holding that judges' hallway conversation and subsequent adverse ruling did not "give rise to an inference of conspiratorial conduct.").

Accordingly, the petition for a writ of mandamus is denied.

---

1. We note that after Judge Fischer granted the last remaining defendants' motion to dismiss, N'Jai filed a notice of appeal. That appeal is pending before this Court. *See* *N'Jai v. Floyd, et al.,* C.A. No. 10–1062. N'Jai acknowledges that the appeal raises several of the claims that are contained in the mandamus petition. *See* Mandamus Petition, 25.