**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2819
_____

TROY COOPER,

Appellant

v.

MICHELLE DIGGS, Physician Assistant; CHRIS MEYERS, Physician Assistant;
LOUIS FOLINO, Superintendant; ROXANNE BURGWINKEL; CINDY AULTMAN,
Nurse; STEVE CRISTINI, Counselor; MARK CAPOZZA, Deputy Superintendant;
JOE BROWN, LPN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-07-cv-01557)
Magistrate Judge:  Honorable Amy Reynolds Hay (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2011

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: April 11, 2011 )

_____

OPINION
_____

PER CURIAM

Troy Cooper, a prisoner in the custody of the Commonwealth of Pennsylvania

proceeding *in forma pauperis*, appeals from orders finding in favor of the defendants. For the following reasons, we will affirm in part, vacate in part, and remand for further proceedings.

## I.

As we write primarily for the parties, we recount only the essential substantive and procedural facts. Cooper alleges that he suffered retaliation and other violations of his constitutional rights for complaining about poor medical care he received as an inmate at SCI Greene. Two incidents form the basis for the bulk of his complaint: 1) on March 22, 2006, medical treatment of Cooper's debilitating asthma attack was allegedly delayed for two hours as payback for his filing of grievances, see Second Am. Compl. ¶¶ II:A1–19; and 2) on July 3, 2007, he was denied access to medical services both prior to and during an asthma attack, again allegedly as payback for filing grievances, see Second Am. Compl. ¶¶ II:A20–46. Cooper also claimed that he was denied 90-day Program Review Committee ("PRC") reviews in connection with his confinement to the facility's Restricted Housing Unit ("RHU")[1] by facility staff who also retaliated against him by filing false reports, denying him privileges, and interfering with his correspondence and grievances. See Second Am. Compl ¶¶ II:A47–60.

---

[1] The Pennsylvania Department of Corrections establishes a 90-day review policy for inmates held in administrative custody. See Commonwealth of Pennsylvania Department of Corrections, Administrative Custody Procedures DC-ADM 802 § 2(D)(5) (2008), available at http://www.portal.state.pa.us/portal/server.pt/document/919463/802_administrative_cust ody_procedures_pdf.

Cooper initiated this 42 U.S.C. § 1983 suit in November 2007, claiming violations of his First, Eighth, and Fourteenth Amendment rights, and also charging the existence of a conspiracy to violate his constitutional rights.[2] The named defendants were two independent contractors, Physician's Assistants Michelle Howard-Diggs and Chris Meyer, and six Department of Corrections employees: nurse Cindy Aultman, Licensed Practical Nurse Joe Brown, Registered Nurse Roxanne Burgwinkel, counselor Steve Cristini, Deputy Superintendant Mark Capozza, and Superintendant Louis Folino. An additional defendant, nurse supervisor Mary Reese, passed away shortly after commencement and was removed from the case. See Mem. Order, ECF No. 85. All defendants were sued in their individual capacities; Folino, Reese, and Capozza were also sued in their official capacities. Cooper asked for injunctive relief (in the form of mandating asthma preparedness in the RHU infirmary and ensuring the absence of treatment delay in the case of an asthma attack),[3] compensatory damages, and punitive damages.

The defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In an opinion issued June 24, 2009, the District Court considered these motions to dismiss in tandem with its screening responsibilities under the Prison Litigation

---

[2] Cooper twice amended his complaint. References to the complaint throughout this opinion, unless otherwise specified, are to the second amended complaint filed on September 28, 2008 (ECF No. 96).

[3] Cooper's requests for injunctive relief are moot, as he was transferred to SCI Camp Hill

3

Reform Act ("PLRA"). While generally finding that Cooper had adequately stated a claim upon which relief could be granted, the District Court held that his allegations of conspiracy were "conclusory and lacking sufficient factual heft . . . to withstand the motions to dismiss," and therefore required dismissal. Cooper v. Diggs, No. 07-1557, 2009 U.S. Dist. LEXIS 53958, at *21 (W.D. Pa. June 24, 2009) (citing Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989)). It also determined that Cooper had failed to allege sufficient personal involvement by defendant Folino to maintain the claim against him. Id. at *16–17. Lastly, the court invoked its screening responsibilities, holding *sua sponte* that Cooper lacked a liberty interest in being free from disciplinary or administrative confinement, and could thus not sustain his Fourteenth Amendment procedural due process claim against defendants Capozza and Cristini regarding the denial of 90-day PRC review. Id. at *21–26. In summary, the District Court dismissed the conspiracy claims against all defendants, dismissed all claims against Folino, and dismissed the due-process claims against Capozza and Cristini; all other claims remained.

The defendants moved for summary judgment, which was granted by the District Court on June 4, 2010. Cooper v. Diggs, No. 07-1557, 2010 U.S. Dist. LEXIS 54967, at *38 (W.D. Pa. June 4, 2010). Cooped filed a timely notice of appeal.

II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We conduct plenary review of both dismissals for failure to state a claim—whether under Fed. R. Civ. P.

---

on March 14, 2010.

12(b)(6) or under the screening provisions of the Prison Litigation Reform Act—and orders granting summary judgment. Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000). In order to withstand a motion to dismiss, a complaint must contain a "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought," Fed. R. Civ. P. 8(a), but it must be more than a formulaic recitation or a conclusory statement of the defendant's culpability. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009); Sheridan v. NGK Metals Corp., 609 F.3d 239, 263 n.27 (3d Cir. 2010). All well-pleaded allegations and inferences drawn therefrom are to be construed in favor of the plaintiff. Capogrosso, 588 F.3d at 180.

Summary judgment is appropriate when the pleadings and products of discovery "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(c)(2). Although we view the facts and inferences drawn therefrom in the light most favorable to the nonmoving party, "if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009) (citations omitted).

### III.

For substantially the reasons given by the District Court, we will affirm its judgment with regard to defendants Aultman, Brown, Burgwinkel, Folino, Howard-

Diggs, Meyer, and Reese, and with regard to Cooper's conspiracy claim against Capozza and Cristini. However, for the following reasons, we will vacate the District Court's judgment with regard to Cooper's procedural due-process and retaliation claims against Capozza and Cristini and remand for further proceedings.

In his complaint, Cooper alleged that Capozza and Cristini denied him 90-day reviews of his confinement in the RHU, in violation of his Fourteenth Amendment right to procedural due process. Significantly, although Cooper stated that he was held in the RHU for 17 months without review, he did not discuss the conditions in the RHU as part of his complaint. The District Court *sua sponte* dismissed the claim, holding that his assignment to the RHU from September 15, 2006, until February 7, 2008, without PRC review could not, as a matter of law, violate his due-process rights.

Under the standard established in Sandin v. Conner, 515 U.S. 472 (1995), due process is required in situations where deprivation of a state-created liberty interest "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. The length of confinement is but one of the considerations in evaluating whether the restraint imposes such hardship; "[i]n deciding whether a protected liberty interest exists under Sandin, we consider the duration of the disciplinary confinement *and* the conditions of that confinement in relation to other prison conditions." Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003) (emphasis added). In Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997), we undertook an analysis of "the conditions experienced by Griffin in administrative custody" *before* determining that

6

his "exposure to the conditions of administrative custody for periods as long as 15 months . . . did not deprive him of a liberty interest and that he was not entitled to procedural due process protection." Id. at 706, 708.

While Cooper's failure to present additional facts in his complaint prevented the District Court from analyzing the conditions of his confinement, he *did* discuss the conditions of his confinement in his post-dismissal motion for reconsideration, complaining of constant lighting, limited exercise, cold showers, denial of legal assistance, and deprivation of visitation. Br. in Supp. of Pl.'s Mot. to Alter 8, ECF No. 128. He has continued to do so, most recently in his appellate brief. While those conditions may not suffice as a matter of law, "given this case's procedural posture and the fact that [Cooper] prepared his complaint *pro se*, the record is not sufficiently developed for us to determine whether there were other features of [his] confinement that meaningfully distinguished his situation from that in Griffin" and other cases. Mitchell, 318 F.3d at 532. Accordingly, we will vacate and remand on this claim.

With regard to retaliation, Cooper claimed that his right to be seen by the PRC "was deliberately denied to [him] . . . in retaliation for complaints and grievances submitted against defendant Cristini." Second Am. Compl. ¶ II:A48. He also alleged that Capozza and Cristini refused to process the grievances he filed and deliberately falsified his records with the aim of denying him privileges; Cooper maintains that he only obtained acknowledgment of his grievances when he was able to slip correspondence out of prison through another inmate. The District Court acknowledged

7

the existence of this claim, see Cooper, 2009 U.S. Dist. LEXIS 53958, at *3–4, which appeared to survive the motion to dismiss. See June 24, 2009, Order, ECF No. 118 (granting the motion to dismiss as to all conspiracy claims and as to all claims against Defendant Folino, but denying it in all other respects); see also Mot. to Compel Disc. 2, ECF No. 138 (in which Cooper emphasized that the District Court had "not dismiss[ed] defendant Cristini as a party defendant").

Nevertheless, Capozza and Cristini believed that they had been constructively dismissed from the suit. In a response to Cooper's motion to compel, they argued that since "it was determined that [Cooper] had no due process right to a 90-day review . . . [his] retaliation claim against Cristini and Capozza would necessarily fail as . . . [he] suffered no adverse action that would be required to sustain a claim of retaliation." Resp. in Opp'n to Mot. to Compel ¶¶ 2–4, ECF No. 139.[4] This is a misstatement of the governing standard, as "government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Allah v. Seiverling, 229 F.3d 220, 224–25 (3d Cir. 2000).

To the extent that Cooper sued Capozza in his official capacity, the claim should have been dismissed. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

---

[4] Later, the defendants declared that, following dismissal, "*no claims against Capozzi* [*sic*] *and Cristini remain*." Concise Statement of Material Facts ¶ 14, ECF No. 153 (emphasis added).

Otherwise, it appears that this retaliation claim against Capozza and Cristini was simply lost somewhere between the District Court's order granting partial dismissal and its order granting summary judgment.[5]  We will therefore vacate and remand on this claim as well.

IV.

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings.

---

[5] In our December 2, 2010, order, we specifically asked the parties to address "[w]hether the District Court improperly overlooked the First Amendment retaliation claims against defendants Cristini and Capozza."  The parties do not appear to have done so.