BLD-219                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4359
_____

DENNIS BARNA,
                              Appellant

v.

LIEUTENANT BOYCE; CAPTAIN SNYDER; CAPTAIN D.P. PASERBA;
MAJOR MELISSA HAINSWORTH; MAJOR BARRY GRUB;
SUPERINTENDENT SOMERSET SCI; DEPUTY DANIEL GEHKMANN;
HEARING EXAMINER JOSEPH DUPONT; CHIEF HEARING EXAMINER ROBIN
LEWIS; PHYSICIAN ASSISTANT DENISE SWINEHART;
UNKNOWN JAILHOUSE INFORMANT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-13-cv-00140)
District Judge: Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 3, 2014

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed:  April 15, 2014)
_____

OPINION
_____

PER CURIAM

Dennis Barna, proceeding pro se and in forma pauperis, appeals from the United States District Court for the Western District of Pennsylvania's order dismissing without leave to amend his 42 U.S.C. § 1983 civil rights complaint. We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

I.

Barna filed a § 1983 complaint alleging that staff at State Correctional Institution – Somerset (SCI-Somerset) falsified a misconduct report that resulted in the rescission of his grant of parole. Specifically, Barna was granted parole in March 2012. While Barna was waiting for his parole to be executed, a confidential informant told SCI-Somerset officials that Barna was selling his prescription medication Neurontin to another inmate. In April 2012, SCI-Somerset officials confronted Barna and he denied selling medication. A misconduct report was filed against Barna charging him with drug possession with intent to deliver. A second misconduct report was later filed, charging Barna with possession with intent to deliver, lying to an employee, and loaning or borrowing property.

A disciplinary hearing was held and the misconduct was sustained as to the charge of lying to an employee; the other charges were dismissed. The Disciplinary Hearing Report noted that after staff received information from the confidential informant, Barna and the inmate who bought the Neurontin had their blood tested. According to the report, the testing showed that Barna's blood did not indicate the presence of Neurontin, while

the blood test of the other inmate, who was not prescribed Neurontin, did. Barna was sentenced to 30 days in the Restricted Housing Unit. In June 2012, The Pennsylvania Board of Probation and Parole rescinded Barna's grant of parole due to his misconduct. Barna challenged the misconduct charge unsuccessfully through all levels of the prison grievance process.

Barna alleged in his complaint that the Disciplinary Hearing Officer relied on falsified evidence. Specifically, Barna asserted that his blood test showed the presence of Neurontin and that a blood test was never performed on the other inmate. Barna claimed that he was prevented from having a doctor explain the test results. Thus, Barna claimed that the misconduct proceedings violated his due process rights.

In a report and recommendation, the Magistrate Judge concluded that the complaint should be dismissed for failure to state a claim because there is no federal constitutional right protecting inmates from false misconduct charges. The District Court issued a memorandum order, concluding that Barna was not entitled to due process protections during his misconduct proceedings, and, over Barna's objections, adopted the report and recommendation and dismissed the complaint without leave to amend. Barna appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We accept all well-pleaded allegations as

3

true and draw all reasonable inferences in Barna's favor. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). We may summarily affirm if an appeal does not present a substantial question. LAR 27.4; I.O.P. 10.6.

III.

Section 1983 provides private citizens with a means to redress violations of federal law committed by state officials. See 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). "A protected liberty interest may arise from only one of two sources: the Due Process Clause or the laws of a state." Asquith v. Dep't of Corr., 186 F.3d 407, 409 (3d Cir. 1999). A prisoner facing the loss of a legally cognizable liberty interest following disciplinary proceedings has a due process right to certain procedural protections. Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974).

Barna argues that the rescission of his grant of parole constitutes a legally cognizable liberty interest. However, the Supreme Court has held that where state law provides parole authorities complete discretion to rescind a grant of parole prior to release, an inmate's expectation of release on parole is not a constitutionally protected liberty interest. *See Jago v. Van Curen*, 454 U.S. 14 (1981). Here, because Pennsylvania law provides that the Board may at any time rescind an order granting parole until parole is "executed" —i.e., an inmate is released—Barna had no liberty interest in the pre-

execution grant. *See Johnson v. Commonwealth*, 532 A.2d 50, 52 (Pa. Commw. Ct. 1987).

Next, Barna argues that his placement in the Restricted Housing Unit for 30 days violated his due process rights. However, due process protection is not triggered unless the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Barna did not present any evidence that his confinement in the Restricted Housing Unit, and the conditions he faced there, constituted an atypical and significant hardship, and we have held that this type of confinement does not confer a cognizable liberty interest. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months in disciplinary confinement did not violate a protected liberty interest). Consequently, his claim of a violation of his due process rights fails. Finally, given that the complaint focused entirely on the misconduct proceeding, which did not violate Barna's due process rights, leave to amend would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted unless amendment would be futile). Accordingly, the District Court properly dismissed the § 1983 complaint for failure to state a claim without leave to amend.