BLD-177                                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1269
_____

VITO A. PELINO,
                                        Appellant

v.

JUDGE KATHRYN HENS-GRECO; NANCY
AQUINO, (CYF Director); RAMONA TROY, (Supervisor);
RAETONE MCKENZIE, (Caseworker)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-16-cv-01140)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 30, 2017
Before:  AMBRO, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 15, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Victor A. Pelino appeals from the order of the District Court dismissing his complaint. We will affirm.

I.

Pelino is a Pennsylvania state prisoner serving a sentence of life imprisonment for first-degree murder. Upon Pelino's arrest for murder in 2011, a state family court judge issued an order barring Pelino from contacting his two minor sons. Later that year, the Allegheny County Office of Children, Youth and Families ("CYF") filed a petition to terminate Pelino's parental rights. The family court held a hearing and granted that petition on October 26, 2011. Pelino unsuccessfully appealed in state court.

In 2016, Pelino filed pro se the federal complaint at issue here. He named as defendants the state court judge and three CYF employees, and he asserted claims under 42 U.S.C. § 1983 that the defendants violated his constitutional rights. Among other things, Pelino claimed that the judge made misrepresentations on the record, that CYF's petition contained misrepresentations as well, and that one of the CYF employees lied under oath at the hearing. Pelino sought both monetary damages and an order vacating the termination of his parental rights and granting him custody of his sons.[1]

All defendants filed motions to dismiss Pelino's complaint on various grounds under Fed. R. Civ. P. 12(b)(6). The District Court granted those motions and dismissed Pelino's complaint with prejudice. The District Court concluded that, to the extent that

---

[1] After Pelino filed his complaint, he filed a "brief" in support of it. The District Court considered the assertions contained in his brief, and we have considered them as well.

Pelino directly challenged the order terminating his parental rights, his complaint was barred by the <u>Rooker</u>-<u>Feldman</u> doctrine.  See <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 166-67 (3d Cir. 2010).  The District Court also concluded that Pelino's remaining claims against the state-court judge were barred by the Eleventh Amendment to the extent that he sued her in her official capacity, <u>see</u> <u>Capogrosso v. S. Ct. of N.J.</u>, 588 F.3d 180, 185 (3d Cir. 2009) (per curiam), and were barred by judicial immunity to the extent that he sued her in her individual capacity, <u>see</u> <u>id.</u> at 184.

As for Pelino's claims against the CYF defendants, the District Court concluded that they were barred by the two-year statute of limitations that applies to § 1983 claims arising in Pennsylvania.  See <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009).  The District Court also concluded that those claims were barred by absolute immunity for CYF's petitioning activity, <u>see</u> <u>Ernst v. Child & Youth Servs. of Chester Cty.</u>, 108 F.3d 486, 493 (3d Cir. 1997), and that the testifying CYF employee was entitled to witness immunity as well, <u>see</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325, 335-36 (1983).  Finally, the District Court concluded than any amendment of Pelino's complaint would be futile. Pelino appeals pro se.[2]

II.

We will affirm for the reasons explained by the District Court.  Pelino raises

---

[2] We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal under Rule 12(b)(6) and will affirm if the complaint fails to state a claim for relief that is plausible on its face.  <u>See</u> <u>Capogrosso</u>, 588 F.3d at 185.

several arguments on appeal, but most them already are answered by the District Court's analysis and do not require discussion. We nevertheless briefly address four points.

First, Pelino argues that the District Court overlooked his allegations of fraud and failed to mention them anywhere in its opinion. The District Court was well aware of those allegations, however, and it specifically referenced them. (ECF No. 22 at 2-3.)

Second, Pelino argues that his allegations of fraud negate all grounds for dismissal, including the statute of limitations and immunity. These arguments lack merit. Pelino argues that 42 Pa. Cons. Stat. § 5504(b) contains an exception to the statute of limitations for all claims of fraud. That provision, however, merely authorizes courts to extend certain deadlines in cases of fraudulent concealment. See Mariner Chestnut Partners, L.P. v. Lenfest, 152 A.3d 265, 280 n.9, 284 (Pa. Super. Ct. 2016). Pelino does not argue that defendants concealed their alleged wrongdoing from him and that he could not reasonably have discovered it within two years. Nor has Pelino raised any other potential ground for tolling.

As for immunity, Pelino argues that defendants were not entitled to qualified immunity because (according to him) they knowingly violated the law. The doctrines of immunity that the District Court properly applied, however, provide for absolute immunity, not qualified immunity. See Capogrosso, 588 F.3d at 184 (judicial immunity); Ernst, 108 F.3d at 495 (CYF petitioning immunity); Briscoe, 460 U.S. at 335 (witness

4

immunity). Thus, they apply even though Pelino alleges that defendants acted intentionally and maliciously. See, e.g., Capogrosso, 588 F.3d at 184.

Third, Pelino argues that the Rooker-Feldman doctrine does not apply because he did not complain of any injuries caused by a state court judgment. See Great W. Mining & Mineral Co., 615 F.3d at 166. That is true to the extent that he complained merely of fraud during the hearing that led to the state court's order terminating his parental rights. See id. at 171-72. The District Court did not conclude otherwise and instead properly concluded that Pelino's claims in that regard fail for the other reasons discussed above. In addition to his claims of fraud during the hearing, however, Pelino also expressly requested that the District Court vacate the order terminating his parental rights and award him custody of his sons. As the District Court properly concluded, his complaint was barred by the Rooker-Feldman doctrine to the limited extent that he was seeking federal review of the state court's order. See id. at 166-67.

Finally, Pelino argues that the District Court displayed bias by relying on case law that the defendants did not cite. The District Court did not display any actual or apparent bias in discharging its obligation to apply the law.

III.

For these reasons, we will affirm the judgment of the District Court.

5