**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-3526

_____

ROBERT J. MURPHY, ESQUIRE, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

Appellant

v.

OFFICE OF DISCIPLINARY COUNSEL; PAUL J. KILLIAN, ESQ., CHIEF
DISCIPLINARY COUNSEL IN HIS OFFICIAL CAPACITY AND IN HIS
INDIVIDUAL CAPACITY; MICHAEL GOTTSCH, ESQ., IN HIS OFFICIAL
CAPACITY AND IN HIS PERSONAL CAPACITY; THE DISCIPLINARY
BOARD OF THE SUPREME COURT OF PENNSYLVANIA; JANE G.
PENNY, ESQ., IN HER OFFICIAL CAPACITY AND IN HER PERSONAL
CAPACITY; RICHARD HERNANDEZ, ESQ., IN HIS OFFICIAL CAPACITY
AND IN HIS INDIVIDUAL CAPACITY; ANTHONY SODROSKI, ESQ., IN
HIS OFFICIAL CAPACITY AND IN HIS INDIVIDUAL CAPACITY; MARK
GILSON, ESQ., IN HIS OFFICIAL CAPACITY AND IN HIS INDIVIDUAL
CAPACITY; STEWART L. COHEN, ESQ., IN HIS OFFICIAL CAPACITY
AND IN HIS INDIVIDUAL CAPACITY; DION RASSIAS, ESQ., IN HIS
OFFICIAL CAPACITY AND IN HIS INDIVIDUAL CAPACITY; JERRY
LEHOCKY, ESQ., IN HIS OFFICIAL CAPACITY AND IN HIS INDIVIDUAL
CAPACITY; DAVID FITZSIMONS, ESQ., IN HIS OFFICIAL CAPACITY AND
IN HIS INDIVIDUAL CAPACITY; BRIAN CALI, ESQ., IN HIS OFFIICAL
CAPACITY AND IN HIS INDIVIDUAL CAPACITY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-17-cv-01239)
District Judge: Honorable Edward G. Smith

_____

Submitted under Third Circuit L.A.R. 34.1(a)

July 2, 2020

_____

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, <u>Circuit Judges</u>.

(Filed: July 7, 2020)

_____

OPINION*

_____

SHWARTZ, <u>Circuit Judge</u>.

Attorney Robert J. Murphy sued the Disciplinary Board of the Supreme Court of

Pennsylvania ("Board"), the Pennsylvania Office of Disciplinary Counsel ("ODC"), and

their officials (collectively, "Defendants"), alleging that Defendants violated his

constitutional rights during disciplinary proceedings against him.  The District Court

dismissed his complaint on various immunity grounds and for failure to state a claim and

denied his request for leave to file a third amended complaint.  We will affirm.

I[1]

The Pennsylvania Supreme Court and the Board have exclusive jurisdiction to

discipline attorneys admitted in Pennsylvania, such as Murphy.  Pa. R.D.E. 201(a)(1).

ODC has the "power and duty" to investigate attorney misconduct and to prosecute

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.
[1] Because Murphy appeals an order granting a motion to dismiss under Federal
Rule of Civil Procedure 12(b)(6), we draw the facts from non-conclusory allegations in
his complaint and matters of public record.  <u>Hartig Drug Co. Inc. v. Senju Pharm. Co.
Ltd.</u>, 836 F.3d 261, 268 (3d Cir. 2016).

disciplinary proceedings before the Board.  Pa. R.D.E. 207(b)(1), (3).   ODC initiated disciplinary proceedings against Murphy.

While the disciplinary process was ongoing, Murphy, proceeding pro se, sued the Board, Board officials, and ODC employees in their individual and official capacities[2] in federal court under 42 U.S.C. § 1983, alleging that their conduct in prosecuting and adjudicating his disciplinary matter violated his constitutional rights.  Murphy sought monetary, declaratory, and injunctive relief.   Defendants moved to dismiss.  After motion practice, an amendment to the complaint, and an abandoned appeal, Murphy filed a second amended complaint.  Defendants again moved to dismiss.

The District Court granted the motion to dismiss, concluding that, among other things, (1) claims against the individual defendants in their individual capacities for damages were barred by quasi-judicial immunity; and (2) immunities aside, Murphy failed to state a plausible claim for violations of his constitutional rights.[3]  Murphy v. Office of Disciplinary Counsel, Civil Action No. 17-1239, 2019 WL 4752059, at *26

---

[2] The individual defendants fall into two groups: (1) Chief Disciplinary Counsel Paul Killion and disciplinary counsel Richard Hernandez, Anthony Sodroski, Mark Gilson, and Michael Gottsch; and (2) Board Chair Jane G. Penny, Board Secretary Julia Frankston-Morris, and Board officials Stewart Cohen, Dion Rassias, Jerry LeHocky, David Fitzsimons, and Brian Cali.

[3] The District Court also dismissed the damages claims against the Board, ODC, and individual defendants in their official capacity based on the Eleventh Amendment and held that it would abstain from ruling on his requests for injunctive relief under Younger v. Harris, 401 U.S. 37 (1971).  Murphy, 2019 WL 4752059, at *14-15, 17.  The Court also dismissed damages claims against the ODC defendants based on prosecutorial immunity, at least from the commencement of formal proceedings.  Id.  Murphy does not appeal these rulings.  To the extent he challenges the Court's ruling on prosecutorial immunity only in his reply brief, he has failed to preserve that issue.  Haberle v. Borough of Nazareth, 936 F.3d 138, 141 n.3 (3d Cir. 2019).

(E.D. Pa. Sept. 30, 2019).  The Court also denied leave to amend the complaint,

concluding that amendment would be futile.  Id.

Murphy appeals.

II[4]

Murphy asserts that the District Court erred by (1) holding that the ODC

defendants were entitled to quasi-judicial immunity, (2) dismissing his complaint for

failure to state a claim, and (3) denying leave to amend.

A

We first consider whether the ODC defendants are entitled to quasi-judicial

immunity.[5]  The doctrine of quasi-judicial immunity provides that those "who perform

functions closely associated with the judicial process" are immune from damages suits in

their individual capacities, Russell v. Richardson, 905 F.3d 239, 247 (3d Cir. 2018)

(quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)), and the immunity extends to

disciplinary counsel, Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir.

2009); see also, e.g., Hirsh v. Justices of Supreme Court of State of Cal., 67 F.3d 708,

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.

[5] We exercise plenary review of a district court's order granting a motion to dismiss.  Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011).  We must determine whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (citation omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), "but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

715 (9th Cir. 1995). Thus, the District Court correctly held that the ODC defendants are entitled to quasi-judicial immunity.[6]

B

Murphy also argues that the District Court erred in dismissing his complaint for failure to state a claim.[7] However, he forfeited that argument on appeal because his brief makes only a threadbare argument for why the District Court erred and instead refers us to his opposition to Defendants' motion to dismiss. Bastardo-Vale v. Att'y Gen., 934 F.3d 255, 268 (3d Cir. 2019) (en banc) ("If an argument on appeal is not 'supported specifically by the reasons for [it], with citations to the authorities and parts of the record on which the appellant relies,' it is not properly preserved." (alteration in original) (quoting Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017))). Moreover, Murphy's effort to incorporate his arguments to the District Court violate Federal Rule of Appellate Procedure 28. Norman v. Elkin, 860 F.3d 111,

---

[6] Murphy argues that quasi-judicial immunity does not apply because the ODC defendants' alleged misconduct was not quasi-judicial. However, "in evaluating whether quasi-judicial immunity grants immunity to a particular official, a court inquires into 'the official's job function, as opposed to the particular act of which the plaintiff complains.'" Keystone Redev. Partners, LLC v. Decker, 631 F.3d 89, 95 (3d Cir. 2011) (quoting Dotzel v. Ashbridge, 438 F.3d 320, 325 (3d Cir. 2006)). Our Court and others have held that disciplinary counsel's job functions render them immune, Capogrosso, 588 F.3d at 185; Hirsh, 67 F.3d at 715, so Murphy's argument is misplaced. Further, we agree with the District Court that, "to the extent that [we] can ascertain the crux of Murphy's allegations, his complaints relate to his contention that the ODC unfairly charged him with disciplinary violations and he has numerous issues with the prosecution of those violations." Murphy, 2019 WL 4752059, at *18. As a result, any alleged misconduct occurred in the exercise of the ODC defendants' quasi-judicial functions, so quasi-judicial immunity applies. Keystone, 631 F.3d at 95.

[7] The only claims remaining after the Court's immunity rulings were those for injunctive relief against the individual defendants.

5

130 (3d Cir. 2017) ("[A]n attempt to incorporate by reference arguments made in the District Court does not satisfy the rules of appellate procedure. . . . Elkin has thus waived his argument . . . ."). Because Murphy has not preserved any argument regarding dismissal for failure to state a claim, and his brief on this point fails to comply with Rule 28, we will not disturb the District Court's Rule 12(b)(6) dismissal.

C

Finally, Murphy argues that the District Court erred in denying him leave to amend his second amended complaint.[8] A party may amend a pleading with "the court's leave," Fed. R. Civ. P. 15(a)(2), but courts may deny leave when the proposed "amendment would be futile," Wolfington v. Reconstructive Orthopaedic Assocs. II PC, 935 F.3d 187, 210 (3d Cir. 2019) (quoting U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co., 839 F.3d 242, 249 (3d Cir. 2016)). Amendment here would be futile because Murphy has not explained how any amendment could overcome the immunities that bar almost all of his claims. See U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 516 (3d Cir. 2007) ("Repleading is futile when the dismissal was . . . . based on some legal barrier other than want of specificity or particularity."). Moreover, despite two prior pleadings and a request to amend again, Murphy did not provide the facts he would allege that would show he would be entitled

---

[8] "[W]e review the District Court's denial of leave to amend for abuse of discretion, and review de novo its determination that amendment would be futile." U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014).

to relief for any non-immunized conduct.[9]  Accordingly, we will affirm the District Court's order denying leave to amend.

III

For the foregoing reasons, we will affirm the District Court's order dismissing Murphy's second amended complaint and denying leave to amend.

---

[9] The District Court also acted well within its discretion in denying leave to amend because Murphy did not provide a proposed amended complaint to the District Court, and "the court may deny a request if the movant fails to provide a draft amended complaint[.]" Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).