DLD-125                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4046
_____

EDWARD ATKIN,
                                        Appellant

v.

HARVEY V. JOHNSON; PENNSYLVANIA STATE POLICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-03982)
District Judge:  Honorable Legrome D. Davis
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 25, 2011

Before: BARRY, FISHER and ROTH, Circuit Judges

(Opinion filed:  May 3, 2011)
_____

OPINION
_____

PER CURIAM

Edward Atkin appeals from the order of the District Court granting Defendants'

motion to dismiss. For the reasons set forth below, we will summarily affirm. See I.O.P.

10.6.

I.

In July 2006, Defendant State Trooper Harvey Johnson ("Johnson"), an African-

American male, stopped Atkin, a Caucasian male, while he was driving on the

Pennsylvania Turnpike. After stopping Atkin, Johnson issued him a traffic ticket for

traveling in the left lane for twenty-five miles. Atkin alleged that he was stopped shortly

after leaving a rest stop and therefore could not have been traveling in the left lane for

twenty-five miles. Following an October 2006 jury trial in the Magisterial District Court,

Atkin was convicted of unlawful use of a limited access highway. Atkin filed a summary

appeal of his conviction in the Montgomery County Court of Common Pleas, and was

again found guilty of the violation in a summary appeal trial in March 2008. Atkin

appealed to the Superior Court, which affirmed the conviction.

In September 2009, Atkin filed in the District Court a complaint pursuant to 42

U.S.C. § 1983 against Johnson and the Pennsylvania State Police ("PSP"), alleging that

he was the victim of reverse discrimination. Defendants moved to dismiss the complaint

and, in an August 2010 order, the District Court granted the motion. The Court dismissed

the claims against the PSP and Johnson – to the extent he was acting in his official

capacity – for lack of subject matter jurisdiction pursuant to Federal Rule of Civil

2

Procedure 12(b)(1), on the ground that they were immune from suit under the Eleventh Amendment. To the extent that Atkin alleged that Johnson acted in his individual capacity, the District Court dismissed the claim as untimely.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our standard of review of the District Court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is plenary. Solis v. Local 234, Transp. Workers Union, 585 F.3d 172, 176 (3d Cir. 2009). We also exercise plenary review over the District Court's dismissal on statute of limitations grounds. Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 181 (3d Cir. 1997).

The District Court correctly determined that the Eleventh Amendment bars claims for damages against the PSP, a state agency that did not waive its sovereign immunity. See 71 P.S. §§ 61, 732-102; Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009). To the extent Johnson was sued in his official capacity, he too was immune from suit. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983, the federal law under which Atkin proceeds. Quern v. Jordan, 440 U.S. 332, 345 (1979).

To the extent Atkin sued Johnson in his individual capacity, the claim was properly dismissed on statute of limitations grounds. Claims brought pursuant to § 1983 are

3

subject to the state statute of limitations for personal injury actions.  Wilson v. Garcia,

471 U.S. 261, 266-67 (1985).  The statute of limitations for a personal injury action in

Pennsylvania is two years.  See 42 Pa. Cons. Stat. Ann. § 5524(2).  A cause of action

accrues when the plaintiff knows or has reason to know of the injury that constitutes the

basis of the cause of action.  Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142

F.3d 582, 599 (3d Cir. 1998).   Atkin's action against Johnson accrued on July 22, 2006,

the date of the traffic stop.  Because he filed the instant action in September 2009, he was

beyond the statutory period, and thus his §1983 claim against Johnson is untimely.[1]

As Atkin's appeal presents no substantial question, we will summarily affirm.  See

Third Cir. LAR 27.4; I.O.P. 10.6

---

[1] We further agree with the District Court that the continuing violations doctrine does not apply to Atkin's case.  See West v. Philadelphia Elec. Co., 45 F.3d 744, 754-55 (3d Cir. 1995) (quotations omitted) (emphasis omitted).