DLD-119                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1057
_____

JOEY W. JACKSON,
                              Appellant
v.

STATE OF NEW JERSEY, DEPARTMENT OF HUMAN SERVICES,
DIVISION OF DEVELOPMENTAL DISABILITIES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-11-cv-02592)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2012
Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: February 23, 2012 )
_____

OPINION
_____

PER CURIAM

    Joey Jackson, a pro se plaintiff, filed this lawsuit in May of 2011.  He complained

of his treatment by the New Jersey Division of Developmental Disabilities (DDD), which

was allegedly "retaliating" against him and refusing to comply with a state administrative

decision regarding his care and treatment plan. Jackson referred to the Americans with Disabilities Act (ADA)[1] as the basis for his suit, although he also mentioned his rights under the United States Constitution. The District Court dismissed the complaint with prejudice, and we will affirm its decision for the following reasons.[2]

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[3] Jackson's complaint does not show that he has been the victim of discrimination or otherwise has been denied benefits. To the contrary, the documents he attached suggest that the state agencies are attempting to meet his needs, although perhaps not as

---

[1] 42 U.S.C. §§ 12101, et seq.

[2] We have appellate jurisdiction under 28 U.S.C. § 1291 and exercise full and complete review of the District Court's decision, assuming the truth of all well-pleaded allegations in the complaint and drawing reasonable inferences in Jackson's favor. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). In coming to our conclusion, we have looked at the allegations contained in the complaint, exhibits attached to it, and matters of public record. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). "[W]e are free to affirm the judgment of the district court on any basis which finds support in the record." Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

Given some of the language in Jackson's submissions, suggesting that he complains of independent constitutional injuries, we do not agree that the suit is barred by Rooker-Feldman. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010). Because we affirm the District Court on other grounds, we do not reach the non-jurisdictional question of abstention/preclusion. See McLaughlin v. Pernsley, 876 F.2d 308, 314 n.5 (3d Cir. 1989).

[3] 42 U.S.C. § 12132.

quickly or comprehensively as he would prefer. We cannot conclude that the complaint contains enough well-pleaded facts to show entitlement to ADA relief.[4]

Elsewhere, Jackson complains that his constitutional rights are being violated. Even if these claims were properly presented, they do not have enough factual support. As Jackson himself observes, he requires constant supervision and has numerous, challenging disabilities which he manages with inconsistent success. This supervision, however, does not mean that he is constitutionally guaranteed twenty-four-hour transportation to locations of his choosing, or that his demands must be immediately met by staff and administrators. His desire for additional freedom and autonomy is understandable, as is his preference for placement in a location where he may enjoy additional activities, but it appears from the record that his requests are being taken seriously.

In 2010, we issued an opinion in another, similar lawsuit by Jackson. Today, as then, we conclude that the complaint does not "permit the reasonable inference that the DDD engaged in any actionable misconduct."[5] In light of both the numerous, additional deficiencies in the complaint identified by the District Court and Jackson's filing history in this case and elsewhere, we further conclude that amendment would be futile.[6]

---

[4] See Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009).

[5] Jackson v. Div. of Developmental Disabilities, 394 F. App'x 950, 952 (3d Cir. 2010).

[6] Id.; see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

3

"Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment."[7]  As the appeal lacks merit, Jackson's request for counsel is denied.[8]  To the extent that Jackson's numerous filings on appeal request independent relief, they are also denied.

---

[7] Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

[8] See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993).