BLD-124                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3963
_____

JOEY W. JACKSON,
                                        Appellant

v.

MS. MARY DOMZALSKI, Case Manager from State of NJ Department of Human
Services, Division of Developmental Disabilities

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-13-cv-04462)
District Judge:  Honorable Michael A. Shipp

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2015

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed:  March 9, 2015)
_____

OPINION*
_____

PER CURIAM

    Pro se appellant Joey Jackson appeals the District Court's order granting the

defendant's motion to dismiss his complaint.  We have jurisdiction pursuant to 28 U.S.C.

§ 1291 and exercise a plenary standard of review. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Jackson suffers from a mental disability and is under the care of the New Jersey Division of Developmental Disabilities (DDD). He filed a complaint in the District Court, alleging that the DDD has violated his rights under the Americans with Disabilities Act (ADA) by failing to provide him with a sufficient menu of recreational and social activities and offering him only limited transportation services. The District Court granted defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, holding that Jackson had failed to state a plausible claim for relief.

We agree with the District Court. Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Jackson's complaint does not show that he has been the victim of discrimination or otherwise has been denied benefits. See, e.g., Cohon ex rel. Bass v. N.M. Dep't of Health, 646 F.3d 717, 729 (10th Cir. 2011) (denying claim that individual's rights under the ADA were violated because

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

she was not provided with services to support her "goals of self-direction and self-determination"). As we explained in affirming the District Court's previous dismissal of a related action filed by Jackson, "the documents [Jackson has] attached suggest that the state agencies are attempting to meet his needs, although perhaps not as quickly or comprehensively as he would prefer." Jackson v. N.J., 465 F. App'x 82, 83 (3d Cir. 2012) (non-precedential). Likewise, he is not "guaranteed twenty-four-hour transportation to locations of his choosing." Id. Thus, the District Court did not err in dismissing Jackson's complaint. See generally Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1]

Accordingly, we will summarily affirm the District Court's judgment.[2] Because the appeal lacks merit, Jackson's request for counsel is denied. All other pending requests are also denied.

---

[1] Given that the hundreds of documents Jackson has filed in the District Court and this Court have failed to cure the complaint's deficiencies, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

[2] We interpret the Magistrate Judge's March 3, 2014 order to rule that it was unnecessary to appoint a representative to assist Jackson pursuant to Rule 17(c) of the Federal Rules of Civil Procedure. This conclusion was within the Court's discretion. See generally Powell v. Symons, 680 F.3d 301, 306 (3d Cir. 2012).