BLD-283                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1580
_____

KENNETH BAKER,
                              Appellant

v.

DEBRA YOUNKIN, Health Care Administrator;
DR. MUHAMMAD NAJI, SCI Houtzdale
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-12-cv-00139)
Magistrate Judge:  Honorable Cynthia Reed Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 13, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 3, 2013)
_____

OPINION
_____

PER CURIAM

Appellant Kenneth Baker appeals pro se from the District Court's order granting Appellees' respective motions to dismiss his civil rights complaint. Because the appeal presents no substantial question, we will summarily affirm the Magistrate Judge's order.

I.

In July 2012, Appellant Kenneth Baker, a prisoner at SCI-Houtzdale, filed a pro se civil rights complaint in the U.S. District Court for the Western District of Pennsylvania against Debra Younkin, a health care administrator at SCI-Houtzdale, and Dr. Muhammad Naji, the medical doctor who treated Baker at SCI-Houtzdale. Baker suffers from sleep apnea, and entered SCI-Houtzdale with his personal bi-pap machine, which subsequently began to malfunction. In May 2012, Baker reported the problem to the Appellees, and, due to the inability to repair his bi-pap machine, was provided a new machine on June 7, 2012, which, unlike the original machine, did not possess a humidifier. Baker informed the Appellees of the difference, and insisted that he needed a bi-pap machine with a humidifier to treat his sleep apnea. Baker's request was denied, and Baker submitted a grievance, which was also denied. In his complaint, Baker asserted that the Appellees were liable pursuant to the Civil Rights Act, 42 U.S.C. § 1983, for violating the Eighth Amendment's prohibition against cruel and unusual punishment by their refusal to provide him with a bi-pap machine with a humidifier.

Both Younkin and Naji filed separate motions to dismiss for failure to state a claim, to which Baker filed responses in opposition which contained additional factual assertions, and also filed amendments to his complaint which demanded monetary

2

damages against the respective Appellees. On February 28, 2013, the Magistrate Judge entered a memorandum and order granting the Appellees' respective motions to dismiss,[1] noting that Baker, at a minimum, failed to establish that the Appellees were deliberately indifferent to a serious medical need and, as a result, Baker's allegations failed to state a claim upon which relief could be granted. Baker timely appealed to this Court, and has sought the appointment of counsel.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review of a district court's order granting a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). Pleadings and other submissions by pro se litigants are subject to liberal construction, and we are required to accept the truth of Baker's well-pleaded factual allegations while drawing reasonable inferences in his favor. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).[2] However, a pro se complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm a

---

[1] The parties consented to jurisdiction by the Magistrate Judge.
[2] It is unclear whether the Magistrate Judge considered the additional factual assertions Baker included in his responses to the motions to dismiss. As Baker is a prisoner appearing pro se, we will treat the factual allegations contained in Baker's responses as though they were included in the amendments to his complaint. See Lewis v. Att'y Gen. of U.S., 878 F.2d 714, 722 (3d Cir. 1989).

3

judgment of the District Court on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The Magistrate Judge correctly granted Appellees' motions to dismiss Baker's complaint for failure to state a claim. As noted by the Magistrate Judge, in the context of Eighth Amendment claims based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." Id. (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

Baker's Eighth Amendment claim is premised upon the Appellees being deliberately indifferent to his alleged need for a bi-pap machine with a humidifier.[3] In

---

[3] A serious medical need is one that a physician has diagnosed as requiring treatment or one that is so obvious that a lay person would recognize the need for medical treatment.

Baker's responses to the Appellees' respective motions to dismiss, Baker alleged that both Appellees ignored his requests for a bi-pap machine with a humidifier, and alleged that he has suffered as a result. However, aside from conclusory statements asserting deliberate indifference to his medical needs, it is clear from Baker's allegations that Younkin did admit Baker to the infirmary in order to receive treatment and ensured that his later request for a new bi-pap machine was handled by SCI-Houtzdale's medical personnel. Regarding Naji, Baker's allegations make clear that not only did Naji initially replace Baker's bi-pap machine when it was determined that it could not be repaired, but he further evaluated Baker's claim that a humidifier was needed and determined that this was not the case and that the newly issued bi-pap machine was appropriate to treat Baker's sleep apnea. As is clear from Baker's own allegations, Appellees did not ignore Baker's medical condition but rather sought to treat him, and Baker's disagreement with Naji's medical assessment does not establish an Eighth Amendment violation.

As Baker's complaint does not contain sufficient factual matter to state a claim, the Magistrate Judge correctly granted Appellees' motions to dismiss the complaint. Because this appeal presents us with no substantial question, we will summarily affirm the Magistrate Judge's order. See 3rd Cir. LAR 27.4 and I.O.P. 10.6. Baker's motion for

---

Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). As Baker has failed to establish that the Appellees acted with deliberate indifference, we assume without deciding that Baker's sleep apnea constitutes a serious medical need.

appointment of counsel is denied.  See Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir.

1993).