CLD-327                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2017
_____

DENNIS LEE MAXBERRY,
Appellant

v.

SALLIE MAE EDUCATION LOANS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:13-cv-00509)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 11, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 25, 2013)
_____

OPINION
_____

PER CURIAM

Dennis Lee Maxberry, proceeding *pro se* and *in forma pauperis*, appeals from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, we will summarily affirm.[1]

I.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. Maxberry's complaint is difficult to comprehend but it appears to allege that Sallie Mae breached its contract with him regarding his student loans to attend the Keller Graduate School in Milwaukee, Wisconsin by declaring him to be in default on the loans and then referring the matter to arbitration before Maxberry actually breached the contract. Maxberry also seems to allege that Defendant Sallie Mae relied upon hearsay evidence and failed to give him notice in determining that he defaulted on his student loans, and that this prevented him from getting his grades and passing his classes at school. Maxberry also alleges that this caused him to be dismissed from school even though he attended class every night and paid $66,000.00 in tuition which he received from Defendant Sallie Mae. He also seems to aver that after he was dismissed from the school, he was immediately charged for the credits he took. Maxberry seeks relief under 42 U.S.C. §§ 1983, 1985, and 1986 as well as Title IX of the Education Act of 1972, Title

_____

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O.P. 10.6.

VI of the Civil Rights Act of 1964, and § 504 of the Rehabilitation Act of 1973.[2] The complaint also appears to contain state law breach of contract and fraud actions.

The District Court dismissed all of Maxberry's federal claims with prejudice and dismissed the state law claims without prejudice "so that Plaintiff can refile them in the proper court."[3] Maxberry filed a timely notice of appeal.

II.

We exercise plenary review of the District Court's decision to dismiss Maxberry's claims pursuant to § 1915(e)(2)(B)(ii). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). In reviewing a district court's dismissal for failure to state a claim, "we accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." Fellner v. Tri-Union Seafoods, L.L.C., 539 F.3d 237, 242 (3d Cir. 2008). A district court need not permit amendment of a complaint that is vulnerable to dismissal if amendment would be futile. See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). We may affirm on any basis supported by the record. See, e.g., Oss Nokalva, Inc. v. European Space Agency, 617 F.3d 756, 761 (3d Cir. 2010). We are of course mindful that a pro se litigant's complaint is to be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

---

[2] Maxberry checked the box labeled "False Claims Act" on his civil cover sheet but the text of the complaint does not contain any related matter. As neither the District Court nor Maxberry made any subsequent mention of this claim, we will not discuss it here.
[3] The District Court adopted the Magistrate Judge's report and recommendation in an order docketed on April 4, 2013. For simplicity all lower court proceedings mentioned herein are attributed to the District Court.

3

To survive a motion to dismiss, a complaint – even a pro se complaint – "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The facts must demonstrate that the Plaintiff is entitled to relief, not show just a "mere possibility of misconduct." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal at 679). "[A]n unadorned, the-defendant-unlawfully-harmed-me accusation" is not sufficient for a complaint to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Iqbal at 678.

After analyzing Maxberry's claims individually, the District Court found that in each instance Maxberry had failed to state a claim and that amendment would be futile. We agree with the District Court's conclusions, either for the same or substantially similar reasons as given in the Report and Recommendation.

We affirm the prejudicial dismissal of Maxberry's claims pursuant to § 1983, Title IX, and § 504 of the Rehabilitation Act. While we need not restate the analysis found in the Report and Recommendation, we note that these claims are valid only against a state actor or entity receiving federal assistance, and that Sallie Mae, as a publicly traded corporation, cannot satisfy these requirements. The District Court therefore properly found that amendment would be futile.

We also affirm the dismissal with prejudice of Maxberry's Title VI and § 1985(3) claims. Maxberry's first mention of the fact that he is African-American, and thus a

4

member of a protected class, occurs in the brief he submitted to this Court upon being notified of possible summary action.  He does not allege that Sallie Mae treated him differently than similarly-situated borrowers who were not members of a protected class or that Sallie Mae conspired with anyone before declaring him to be in default.  Rather, Maxberry argues only in his brief that "Sallie Mae could have notified the plaintiff earlier that they would not allow him to attend but didn't.  Instead they allowed the plaintiff to attend and then did not give ample grades for his work; which ran up the plaintiff's loan amount to that of the present loan amount, and the past in a manner of compulsion." Appellant's Brief at 3.

Even assuming the truth of these allegations, the pleading requirements of Twombly and Iqbal are not met.  Neither the complaint nor the brief adduces any evidence of racially-driven concerted action or animus.  Furthermore, we have no reason to believe that an amended complaint would survive a motion to dismiss.  Maxberry's past litigation practices indicate that he is prone to making incomprehensible and unsubstantial filings, and the brief he submitted in this appeal confused rather than clarified the claims raised in his complaint.  While we are "mindful that direct evidence of a conspiracy is rarely available and that the existence of a conspiracy must usually be inferred from the circumstances..., the rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184-85 (3d Cir. 2009) (quoting Crabtree v. Muchmore, 904 F.2d 1475, 1481 (10th Cir. 1990)).  Nothing in Maxberry's filings suggests agreement, concerted action, or

5

discriminatory intent on the part of Sallie Mae. Therefore we agree with the District Court that amendment would be futile.

A claim under § 1986 cannot survive without a valid § 1985(3) claim. See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980); Brawer v. Horowitz, 535 F.2d 830, 841 (3d Cir. 1976). Becausee Maxberry's § 1985(3) claim was dismissed with prejudice, the District Court was correct in dismissing his § 1986 claim with prejudice.

The District Court found that it did not have diversity jurisdiction under 28 U.S.C. § 1332 because "neither Plaintiff nor Defendant Sallie Mae is a citizen of Pennsylvania…." This is incorrect, as diversity jurisdiction is not dependent on either party's being a resident of the forum state. Rather, § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…and is between citizens of different states." Maxberry's complaint requests $1 million in damages. Assuming that the required amount of money is indeed in controversy, we conclude that the District Court likely erred in determining that it did not have diversity jurisdiction.

We can affirm the District Court's dismissal without prejudice of Maxberry's state law claims on other grounds, however. Fed. R. Civ. P. 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As stated above, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 663 (quoting Bell Atl. Corp, 550 U.S. at 570). The allegations "must not be 'so undeveloped that [the complaint] does not provide a defendant the type of notice of claim which is

6

contemplated by [Fed. R. Civ. P. 8].'" Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In this case, portions of Maxberry's complaint are difficult to comprehend and border on being unintelligible. Even if the facts Maxberry alleged in the complaint are taken as true, they do not amount to a plausible claim under any cause of action. The complaint therefore does not comply with the requirements of Rule 8 or Twombly. Accordingly, the District Court did not err in dismissing the state law claims without prejudice.

III.

There being no substantial question presented on appeal, we will summarily affirm.