**BLD-439**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2454
_____

GREGORY L. GOULD, JR.,
                                        Appellant

v.

JOHN WETZEL, D.O.C. Sec. of Cor.; Super. MARIROSA LAMAS; DORINA
VARNER, Grievance Officer; T. WILLIAMS, Head of Rockview Medical Department;
JEREMY TIPTON, Physicians Assistant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1:12-cv-00853)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Dismissal for Lack of Jurisdiction and Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
September 26, 2013

Before:    HARDIMAN, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 21, 2013)
_____

OPINION
_____

PER CURIAM

Gregory L. Gould, Jr., appeals pro se from the District Court's order granting a motion to dismiss filed by Secretary John Wetzel, SCI-Rockview Superintendent Marirosa Lamas, Chief Grievance Officer Dorina Varner, and Corrections Health Care Administrator T. Williams (the "DOC Defendants") and another filed by Physician Assistant Jeremy Tipton. Because the appeal presents no substantial question, we will summarily affirm the District Court's judgment.

**I**.

Gould, a prisoner at SCI-Rockview in Bellefonte, Pennsylvania, filed a pro se civil rights complaint in the District Court against the DOC Defendants and Tipton. He asserted that he suffers from three hernias which cause him physical and mental pain.[1] Gould asserted that he has had to change his diet as a result of the hernias in order to avoid defecating blood or having gas (which causes him pain). Gould further asserted that he is constantly sick, claiming that the hernias are compromising his immune system, and that he is in fear for his life. Gould, without providing any specific dates, further asserted that an incident occurred where he bled from his rectum for two days, necessitating a visit to sick call. During this visit, Gould asserted that Tipton "put his finger into the plaintiff's anus, nowhere near plaintiff's hernias, charged the plaintiff $5,

---

[1] Gould stated that he has a hernia in his stomach the size of a baseball, one in the left side of his intestines the size of a handball, and a smaller one forming on the right side of his intestines.

and told the plaintiff he was alright!" In his complaint, which invoked 42 U.S.C. § 1983, Gould asserted that the DOC Defendants and Tipton were liable for violating his Eighth Amendment rights.

After the submission of the motions to dismiss, Gould filed responses which contained additional factual assertions. The District Court entered a memorandum and order granting the motions to dismiss. It concluded that Gould had failed to state a viable claim that the DOC Defendants knew or should have known that the medical treatment he was receiving was somehow improper. As for Tipton's motion to dismiss, the District Court noted that Gould's specific factual assertions concerned only one incident of treatment at a single visit. The District Court concluded that Gould's description of events on that one occasion failed to state a viable claim. The District Court further held that on the larger issue of Tipton's alleged indifference to the treatment of Gould's hernias over the course of Gould's incarceration, Gould also failed state a claim. The District Court noted that Gould did not allege that his current medical treatment was unacceptable or made with disregard to his health due to Tipton's budgetary concerns. The District Court provided Gould until April 18, 2013, to amend his complaint regarding his allegations against Tipton. On May 15, 2013, without having amended his complaint, Gould timely appealed the District Court's order.

**II**.

As Gould did not amend his complaint within the time given by the District Court and instead sought to appeal its dismissal, we have appellate jurisdiction pursuant to 28

3

U.S.C. § 1291. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). We exercise plenary review over the District Court's order granting a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). In conducting this review, we accept the truth of Gould's well-pleaded factual allegations and draw reasonable inferences in his favor. See Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). However, a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III.

The District Court correctly granted both motions to dismiss. As to the DOC Defendants, Gould failed to allege that any of them were personally involved in his medical treatment. Rather, Gould sought to impose liability on account of the DOC Defendants' supervisory or managerial roles. However, liability under § 1983 requires a "personal involvement" in the deprivation of a constitutional right. See, e.g., Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 76 (3d Cir. 2011). Additionally, prison officials who are not physicians are entitled to defer to the medical judgment of staff physicians that they know are treating a prisoner. See Durmer v.

4

O'Carroll, 992 F.2d 64, 69 (3d. Cir. 1993).  Thus, the District Court properly granted the DOC Defendants' motion to dismiss.[2]

To state a viable Eighth Amendment claim against Tipton, Gould needed to allege deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).[3]  "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm."  Giles v. Kearney, 571 F.3d 318, 330 (3d Cir. 2009).  For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care."  Id. (quotation marks omitted).  However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  United States ex rel. Walker v. Fayette Cnty., 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotation marks omitted).

Gould has failed to allege sufficient facts to state a plausible claim.  His allegations concerning the one specific incident referred to in the complaint do not suggest deliberate indifference.  Gould simply offered no reason why the digital examination of Gould was a medically inappropriate response to his complaints of rectal

---

[2] We further agree with the District Court decision to not provide Gould an opportunity to amend his complaint with regard to the DOC Defendants, as any amendment would be futile.

[3] We assume without deciding that Gould's hernias constitute a serious medical need. Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

bleeding. Gould's allegations regarding Tipton's treatment on this single visit failed to state a plausible claim of medical indifference.

On the larger question of Tipton's treatment of Gould throughout his incarceration, the complaint also failed to allege sufficient facts to state a plausible claim. In Gould's response to Tipton's motion to dismiss, Gould made vague assertions that budgetary concerns improperly influenced Tipton's choice of treatment for Gould's hernias. However, Gould did not provide any facts concerning what treatment he has received. Additionally, the mere assertion that Tipton considered cost in treating Gould's hernias does not suffice to state a claim, as prisoners do not have a constitutional right to limitless medical care. See Reynolds v. Wagner, 128 F.3d 166, 175 (3d Cir. 1997). Further, Gould failed to assert sufficient facts to suggest that his concerns are more than a mere disagreement over Tipton's choice of treatment or, at most, allegations of negligence or medical malpractice, which cannot constitute "deliberate indifference." See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001).

The District Court properly gave Gould the opportunity to amend his complaint to aver additional facts that would suggest that Tipton acted with deliberate indifference. Gould chose instead to stand on his complaint. In the absence of more facts suggesting constitutional indifference to his needs, the District Court was right to dismiss Gould's claim. See Fayette Cnty., 599 F.2d at 575 n.2.

6

For the reasons given, the District Court correctly granted the DOC Defendants' and Tipton's motions to dismiss. Because this appeal presents us with no substantial question, we will summarily affirm the judgment of the District Court. <u>See</u> 3rd Cir. LAR 27.4 and I.O.P. 10.6.