DLD-218                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3851
_____

ALFONZO B. SALLEY,
                                        Appellant

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT MAHANOY SCI; BRENDA L. TRITT, Deputy Superintendent;
DORINA VARNER, Chief Grievance Officer of the PA DOC;
ROBIN M. LEWIS, Chief Hearing Examiner of the DOC; GOVERNOR;
JOHN DAMORE; PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SHIRLEY R. SMEAL-MOORE; JAMES C. BARNACLE; BERNADETTE MASON;
SCOTT MILLER; S. LUGUIS; HUGH BEGGS; MICHAEL J. VUKSTA;
CHCA MARVA J. CERULLO; FILIPE ARIAS; JOHN LISIAK;
RICHARD ANNUZZO; ANTHONY IANNUZZI; AMY ALBERTSON;
RICHARD L. SPAIDE; Sgt. WOJCIECHOWSKI; TARIS; Captain SORBER;
Lt. DANIEL MALICK; Lt. SHOEMAKER; RACHEL HARRING;
CO. MICHAEL HUBEN; CO. J. J. DEIVERT; CO. E. F. KABILKO; M. A. FANELLI;
CO. K. S. RAKUS; CO. R. J. RUSHTON; Sgt. GORMEY; CO. S. LEACHEY;
BECK, Doctor; Sgt. MEYER; RICHARD MOYER; MICHAEL KLOPOTOSKI;
RANDALL E. BRITTON; JOHN MURRAY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-01515)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 3, 2014

Before:  SMITH, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed: May 1, 2014)

_____

OPINION

_____

PER CURIAM

Appellant, Alfonzo Salley, appeals the District Court's order dismissing his pro se amended complaint. Upon consideration of the record, we conclude that the District Court properly determined that Salley's amended complaint was subject to summary dismissal. Because the appeal presents no substantial question, we will affirm the judgment of the District Court.

In August 2012, Salley filed a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Pennsylvania, together with motions seeking leave to proceed in forma pauperis and for the appointment of counsel. The complaint was thirty-three pages in length (handwritten and single-spaced) and named six defendants. Salley also filed motions seeking various forms of injunctive relief. The Magistrate Judge to whom the complaint was referred described Salley's complaint as "unmanageable," noting that it contained claims that were unrelated and jumped from one defendant to another and from one year to another in no particular chronological order. The Magistrate Judge concluded that Salley impermissibly attempted to join all defendants and all claims in one action contrary to Fed. R. Civ. P. 20(a). Salley's request for counsel was denied, and he was afforded an opportunity to file an amended complaint in conformity with Rule 20(a). He was admonished that the

amended complaint was to be limited with respect to the named defendants to only those claims arising out of the same transaction or occurrence or series of transactions or occurrences, and having questions of law or fact common to all defendants and claims. Salley was also advised that the amended complaint must be "simple, concise and direct" as required by Fed. R. Civ. P. 8. He was further instructed to file separate civil actions and in forma pauperis motions for any unrelated claims.

After requesting and being granted two extensions, Salley filed an amended complaint. In apparent disregard of the Magistrate Judge's instructions, Salley submitted an amended complaint that was thirty-seven handwritten, single-spaced pages, included numerous exhibits and named seventy-three defendants against whom he sought damages as well as various forms of injunctive and non-monetary relief. See Magistrate Judge's Report and Recommendation ("R&R") at 6-7. The Magistrate Judge did an admirable job in dissecting Salley's voluminous document, and we set forth a summary description of the claims extracted from the amended complaint here. The main allegation of Salley's complaint is that the defendants, including employees at all levels of the Pennsylvania Department of Corrections as well as Federal District Court Judge Sylvia Rambo and former Federal Magistrate Judge Andrew Smyser, are involved in a vast conspiracy, dating back to 1998, to retaliate against him for the filing of past grievances and lawsuits. In addition to the many named defendants, this conspiracy claim spans numerous prisons operated by the Pennsylvania Department of Corrections – including SCI-Graterford, SCI-Pittsburgh, SCI-Huntingdon, SCI-Greene, SCI-Camp Hill, SCI-Fayette, SCI-Forest, SCI-Smithfield, SCI-Mahonoy and SCI-Houtzdale, and has

3

allegedly led to countless violations of Salley's First, Eighth, and Fourteenth Amendment rights. See id. 7-8, 10. The retaliation experienced by Salley was said to include everything from the withholding of personal property and legal papers, to the filing of false misconduct reports, the denial of basic needs and medical treatment, differential treatment based on race and placement in administrative segregation, and the failure to take remedial action against those who violated his rights. Id. at 11.

After recommending that the District Court grant Salley in forma pauperis status, the Magistrate Judge screened the amended complaint for legal sufficiency under 28 U.S.C. § 1915(e)(2). As with Salley's original filing, the Magistrate Judge determined that the amended complaint impermissibly attempted to join several unrelated claims against unrelated defendants, contrary to Rules 8 and 20. The Magistrate Judge concluded that Salley's bare conclusory allegations regarding a vast conspiracy are inadequate to state a cognizable claim insofar as he failed to specify any role, agreement, or personal involvement on the part of defendants in the alleged conspiracy to retaliate against him for the filing of grievances and lawsuits.

Aside from the impermissible joinder problem, the Magistrate Judge found the complaint to be time barred with respect to those constitutional claims which occurred before July 25, 2010 – two years prior to the date Salley delivered his original complaint to prison officials for mailing – given that the conspiracy was alleged to have accrued in 1998. The Magistrate Judge also determined that the defendant federal judges were entitled to absolute judicial immunity with respect to the damages claims, and that Salley likewise could not seek monetary damages against the state actor defendants in their

4

official capacities. As for Salley's request that defendants be ordered to expunge the 100 misconduct reports issued against him, the Magistrate Judge concluded that the request for relief – to the extent it may have touched upon disciplinary sanctions which affected the duration of his confinement in prison – was subject to dismissal without prejudice as barred by Heck v. Humphrey, 512 U.S. 477 (1994). With respect to those misconduct reports that merely amounted to a change in Salley's conditions of confinement, the Magistrate Judge concluded that such challenges could be pursued in a civil rights action after the exhaustion of the administrative remedy process. The same conclusion was rendered for Salley's request for the return of his personal property. Insofar as Salley has no constitutional right to be housed in any particular prison or to any particular classification level, the Magistrate Judge recommended that his request to be transferred to a different prison be denied.

Accordingly, the Magistrate Judge issued a Report recommending that Salley's amended complaint be dismissed without prejudice to his right to pursue those claims which are not time barred or otherwise fatally defective and which occurred in the Middle District of Pennsylvania in new and separate civil rights actions. Given that Salley had already been given explicit instructions with respect to the need to file a complaint in accordance with Rules 8 and 20(a) and nonetheless disregarded those directions, the Magistrate Judge concluded that leave to file a second amended complaint would prove futile. To the extent Salley alleged claims against defendants associated with correctional facilities located within the boundaries of the Western District of Pennsylvania, the Magistrate Judge recommended that Salley's amended complaint be transferred to that

5

district court.  Finally, the Magistrate Judge recommended that Salley's request for a restraining order be denied as moot.

Over Salley's objections, the District Court adopted the Magistrate Judge's R&R in all parts save the recommendation that the amended complaint be transferred to the District Court for the Western District of Pennsylvania.  The District Court found that it would not be in the interests of justice nor judicial economy to transfer Salley's "piecemeal filings" to the Western District for that court to "sift through."  See D. Ct. Mem. at 10.  Accordingly, the District Court entered an order dismissing Salley's claims for damages against Judges Rambo and Smyser on the basis of judicial immunity, any alleged constitutional claim arising before July 25, 2010, as time barred, and his request for a prison transfer as meritless.  The District Court specified that such dismissals were with prejudice.  Salley's motion for a restraining order was denied as moot.  The remainder of the amended complaint was dismissed without prejudice on account of Salley's violation of Rule 20 and as a result of his failure to comply with the court's directive to file an amended complaint that complied with Rule 8.  This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we conclude that the District Court properly dismissed Salley's amended complaint, and that it did not abuse its discretion in denying him further leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

6

Salley's damages claims against the individual judges are barred by the doctrine of absolute judicial immunity. A judge is immune from liability for all actions taken in his judicial capacity, unless such action is taken in the absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). To be certain, pleadings and other submissions by pro se litigants are subject to liberal construction, and we are required to accept the truth of Salley's well-pleaded factual allegations while drawing reasonable inferences in his favor. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. Sup.Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). However, a pro se complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As the District Court correctly concluded, Salley failed to sufficiently allege facts demonstrating the existence of a conspiracy between the named judges and the remaining defendants, and instead relied merely on bald conclusory allegations. As such, the judicial defendants were entitled to the broad immunity afforded them.

Salley appears to have raised no objection to the District Court's dismissal of those claims arising beyond the two-year statute of limitations for § 1983 actions, and we discern no error with respect to that determination. See Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993). He likewise could not be heard to argue that the court erred in denying his request for a prison transfer. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

That leaves us to consider whether Salley's remaining claims are sufficiently related to permit joinder under Rule 20. A district court's determination as to whether the joinder requirements of Rule 20 have been satisfied is reviewed for an abuse of discretion. See Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009). "A district court abuses its discretion when 'its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" Id. (quoting Danvers Motor Co., Inc. v. Ford Motor Co., 543 F.3d 141, 147 (3d Cir. 2008)). The District Court scoured Salley's thirty-seven page amended complaint, combing through the claims lodged against more than seventy defendants from at least ten different correctional facilities and spanning more than fourteen years. While recognizing that the requirements prescribed by Rule 20 are to be liberally construed, see D. Ct. Mem. at 9, the court nonetheless concluded that the claims remaining in Salley's amended complaint – in the absence of his grand conspiracy theory – are not sufficiently related so as to be properly joined in one action. Given the record in the instant case, we cannot conclude that the District Court abused its discretion in concluding that the allegations against the remaining defendants did not appear to arise from the same series of transactions and occurrences. Accordingly, it acted appropriately in requiring Salley to file a separate complaint or complaints against them.[1]

Finally, in light of the nature of the factual allegations set forth in Salley's filings, we further find no abuse of discretion on the part of the District Court in determining that

---

[1] In light of this conclusion, we need not consider whether Salley's claims involving requests to have misconduct reports expunged or personal property returned are subject to dismissal on exhaustion grounds as well.

allowing him leave to amend his complaint a second time would have been futile. See

Grayson, 293 F.3d at 108.

For the foregoing reasons and because the appeal presents no substantial question, we will summarily affirm the District Court's order of dismissal. See Third Circuit LAR 27.4 and I.O.P. 10.6.