CLD-146                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4547
_____

GERALD MAURICE KANE,
Appellant

v.

LINDA CARTISANO, In her Private Capacity;
WILLIAM C. MACKRIDES, In His Private Capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-05625)
District Judge: Honorable Paul S. Diamond

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2015

Before: FUENTES, GREENAWAY, JR., AND VANASKIE, Circuit Judges

(Opinion filed: May 1, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Gerald Maurice Kane filed suit against two Delaware County Common Pleas Court judges for rulings they issued in Kane's domestic relations case. Kane sought to set aside the judges' orders, recover compensatory and punitive damages, and to initiate criminal charges against the judges.

The District Court dismissed the complaint pursuant to its screening obligations under 28 U.S.C. § 1915A. The District Court found that the judges had judicial immunity and that Kane, a private citizen, could not initiate criminal charges against them. Kane appealed.

We have jurisdiction over Kane's appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court correctly found that the judges were immune from suit. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). This holds true even if the action "was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). Whether an act is "judicial" depends on "whether it is a function normally performed by a judge, and . . . whether [the parties] dealt with the judge in his judicial capacity." Id. at 362.

2

Kane complains that the judges held him in contempt and ordered him to complete community service—actions the judges took as part of their judicial duties. Moreover, Kane alleges no facts suggesting that the judges "acted in the absence of jurisdiction." Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 182-84 (3d Cir. 2009) (affirming dismissal of § 1983 claims against judges for their "alleged judicial misconduct in [the plaintiff]'s state court cases"). Dismissal of Kane's § 1983 claims against the judges was therefore appropriate.

The District Court was also correct that it cannot reward relief on Kane's claim seeking to initiate criminal charges against the judges. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") Moreover, as it is clear that amendment of the complaint would have been futile, the District Court was not required to grant Kane leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For the foregoing reasons, we affirm the District Court's judgment.