**ALD-030**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2085

_____

LAWRENCE MURRELL, JR.,
                                                      Appellant

v.

MICHAEL CONSIGLIO; GEORGE MANTANGOS;
BRENDA S. SHAFFER; JUDGE TODD HOOVER;
COURT ADMINISTRATOR OFFICE, Dauphin County Courthouse;
JUDGE RICHARD LEWIS; EDWARD MARSICO; DAUPHIN
COUNTY DISTRICT ATTORNEY OFFICE; WILLIAM
COSTOPOLUS; ROYCE L. MORRIS; JOSEPH SEMBROT;
GOLDBERG KATZMAN LAW FIRM; S. BAKER KENSINGER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-20-cv-00261)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 12, 2020

Before: MCKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: January 7, 2021)

_____

OPINION*

_____


PER CURIAM

Lawrence Murrell, Jr., appeals from the order of the District Court dismissing his complaint. We will affirm, but we clarify that the dismissal is without prejudice to Murrell's ability to assert certain state-law claims in state court.

I.

In 2008, Murrell was convicted of first-degree murder and other crimes in Pennsylvania state court. Murrell later asserted numerous grounds for relief during post-conviction proceedings in both state and federal court. Among those grounds was a claim that, during the prosecutor's closing argument, the prosecutor directed the court reporter to stop typing and then improperly argued to the jury that it should find Murrell guilty "by the power of God." Murrell did not obtain relief on that claim. He did, however, obtain relief on three other and unrelated claims. On the basis of those claims, a federal habeas court vacated Murrell's convictions but stayed its order to give the Commonwealth an opportunity to retry him. Rather than proceed to another trial, Murrell pleaded guilty to third-degree murder and was later released from prison.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Shortly before his release, Murrell filed the civil action at issue here seeking relief under 42 U.S.C. §§ 1985 and 1985 on the basis of the same "power of God" claim referenced above. Murrell claimed that virtually everyone involved in his criminal trial and post-conviction proceedings conspired to ensure that the alleged "power of God" statement was not transcribed. Toward that end, he named as defendants (inter alia) the judges who presided over his trial and other proceedings, the prosecutor, the court reporter who allegedly followed the prosecutor's direction, and the lawyers who represented him in these proceedings. Murrell alleged that these defendants conspired to deprive him of his constitutional rights to due process and access to the courts.

Murrell filed his complaint in forma pauperis, so a Magistrate Judge screened it pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge then recommended dismissing Murrell's complaint under § 1915(e)(2)(B)(ii) on the ground that it failed to state a claim on which relief may be granted. The Magistrate Judge reasoned, among other things, that the judicial defendants, the prosecutorial defendants, and the court reporter were all entitled to absolute immunity. The Magistrate Judge further concluded that any amendment of Murrell's complaint would be futile. Over Murrell's objections, the District Court agreed and dismissed his complaint. Murrell appeals.[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal under § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of leave to amend a complaint for abuse of discretion. See Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010).

II.

We will affirm substantially for the reasons explained by the Magistrate Judge and the District Court. We briefly address four issues.

First, Murrell challenges the District Court's ruling that his claims against the judicial and prosecutorial defendants are barred by absolute immunity. We agree with the District Court that the judicial defendants were immune because Murrell alleges nothing suggesting that they acted "in the clear absence of all jurisdiction." Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (quotation marks omitted). We further agree that Murrell's prosecutor was immune because the prosecutor allegedly made the statements at issue while "presenting a state's case at trial." Fogle v. Sokol, 957 F.3d 148, 160 (3d Cir. 2020).

Murrell argues that immunity does not apply because the prosecutor's alleged statements transformed his judicial proceeding into a "religious event." He relies on Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996), but that case is inapposite. In that case, the court held that a prosecutor was not entitled to immunity from allegations that he required the plaintiff, outside the context of any judicial proceeding, to swear to her innocence on a Bible in church in order to obtain the dismissal of pending charges. See id. at 1210. Murrell's prosecutor, by contrast, made his alleged statements at trial. That circumstance brings the prosecutor's alleged conduct squarely within the bounds of immunity. See Fogle, 957 F.3d at 160. That circumstance also distinguishes the other authority on

4

which Murrell relies. See, e.g., Gagan v. Norton, 35 F.3d 1473, 1474-75 (10th Cir. 1994); Ryland v. Shapiro, 708 F.2d 967, 975 (5th Cir. 1983).

Second, Murrell challenges the District Court's extension of absolute judicial immunity to the court reporter. As Murrell argues, the Supreme Court has held that court reporters are not shielded by absolute immunity for their own alleged conduct. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 434-37 (1993). Neither the Magistrate Judge nor the District Court addressed Antoine. Nevertheless, we will affirm the dismissal of Murrell's claims against the court reporter on the ground that she was protected, not by absolute immunity, but by qualified immunity.

Murrell alleges that the court reporter paused her transcription of the trial at the prosecutor's instruction (and thus presumably with the tacit approval of both Murrell's own counsel and the presiding judge). Murrell has not cited anything suggesting that a court reporter has a constitutional duty to continue transcribing a trial under these circumstances. Assuming without deciding that such a duty might exist, however, these circumstances entitle the court reporter to at least qualified immunity. Cf. Green v. Maraio, 722 F.2d 1013, 1019 (2d Cir. 1983) (holding that a court reporter was entitled to qualified immunity for following a judge's alleged instruction to alter a transcript).

Third, the District Court dismissed some of Murrell's claims on the ground that he had not plausibly alleged any conspiracy among the named defendants. Murrell argued below that he should be allowed to amend his complaint, but he did not specify how he could do so. Nor has he mentioned the possibility of amendment on appeal. We

5

nevertheless have considered the issue of amendment, and we see nothing suggesting that amendment would be anything other than futile.

Finally, in Murrell's complaint, he asked that it be "forwarded to state court for a tort lawsuit" against his various counsel if the District Court determined that they were not conspirators for §§ 1983 and 1985 purposes. The Magistrate Judge concluded that Murrell did not actually assert any state-law claims in his complaint. Murrell argued in his objections below, and argues on appeal, that he asserted state-law claims against his counsel for fraud, malpractice, breach of contract, and breach of fiduciary duty.

We agree that Murrell's pro se complaint can be construed to assert these state-law claims. Thus, although the District Court did not mention them, we construe its order of dismissal as declining to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367. That means that the District Court's dismissal is without prejudice to Murrell's ability to assert these claims in state court. We express no opinion on the merits of these claims or on whether it is otherwise proper for Murrell to raise them.

III.

For these reasons, we will affirm the judgment of the District Court. Murrell's motions are denied.[2]

---

[2] One of Murrell's motions requests a certificate of appealability. A certificate of appealability is not required because this appeal is not from a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1). We nevertheless have considered the substance of Murrell's motion in reaching our disposition.