**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1792
_____

VICTORIA KASPERSKI,
                                  Appellant

v.

HONORABLE DAVID B. KATZ, P.J.F.P.VI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-22-cv-01153)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 25, 2022

Before:  AMBRO, KRAUSE, and SCIRICA, Circuit Judges

(Opinion filed: December 29, 2022)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Victoria Kasperski appeals the District Court's order dismissing

her complaint in which she asserted civil-rights claims against New Jersey Superior Court

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Judge David Katz. Kasperski alleged that, in presiding over her divorce action, Judge Katz has made a number of unfair rulings, including failing to enforce agreements, cancelling trial dates, excluding witnesses, ordering unnecessary mediation, and prolonging the discovery process.[1]

However, as the District Court explained, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). In making rulings in Kasperski's divorce case, Judge Katz was plainly acting within his judicial capacity. See id. While Kasperski claimed that Judge Katz's decisions were incorrect or displayed favoritism, those allegations are insufficient to defeat Judge Katz's immunity. See Stump v. Sparkman, 435 U.S. 349, 356 (1978); Figueroa v. Blackburn, 208 F.3d 435, 444–45 (3d Cir. 2000) (characterizing as "preposterous" the argument "that whenever a judge makes an error of law or procedure in a matter properly before him or her, that judge is not entitled to judicial immunity"). This same immunity applies to the extent that Kasperski claimed, in an argument not reasserted in her appellate brief, that Judge Katz has violated a criminal statute. See Capogrosso, 588 F.3d at 184 (so ruling).

Further, although "absolute judicial immunity extends only to claims for damages," Larsen v. Senate of the Commonwealth, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review. See generally Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). We address here only arguments that Kasperski presented in her opening brief. See Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018).

2

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Kasperski has not shown that this exception applies. See Azubuko, 443 F.3d at 303. Further, given the plain bar of judicial immunity, we are satisfied that amendment would have been futile. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir 2002).

Accordingly, we will affirm the District Court's judgment.[2]

---

[2] Kasperski has also filed motions for leave to file a supplemental appendix and to expand the record to include a variety of state-court orders that were not part of the record in the District Court. We will permit record expansion in only "exceptional circumstances." Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013). No such circumstances exist here, and we will therefore deny Kasperski's motions, although she may file exhibit 11 because that was part of the record in the District Court. For similar reasons, we have not considered the allegations that Kasperski has presented for the first time on appeal. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021). Nevertheless, we note that none of Kasperski's new allegations provides a basis to overcome judicial immunity. Finally, for Kasperski's benefit, we note also that federal district and circuit courts generally lack authority to overrule state-court decisions. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (discussing Rooker-Feldman doctrine).