**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2242
_____

JOSEPH B. ELAD, Sui Juris,
Appellant

v.

TRUIST BANK; JOSHUA COLLINS, Vice President, Truist Bank; BALLARD SPAHR
LLP; BRITTANY M. GIUSINI, Esquire, Ballard Spahr LLP; ELIZABETH A.
SLOANE, Esquire, Ballard Spahr LLP; JANET Z. CHARLTON, Esquire, McGabe,
Weisberg & Conway, P.C.; MCCABE, WEISBERG AND CONWAY, P.C.; LISA G.
FONTELLO, Prothonotary of the Delaware Superior Court; JUDGE ERIC M. DAVIS, of
the Delaware Superior Court; VIVIAN L. MEDINILLA, of the Delaware Superior Court;
JUDGE DANIELLE J. BRENNAN, of the Delaware Superior Court; SCOTT T.
PHILLIPS, Sheriff, New Castle County Sheriff's Office; JESSICA HEPBURN, Esquire,
Ballard Spahr LLP; COLLEEN REDMOND, Prothonotary of the Delaware Superior
Court; RON FIORVANATI, Chief Deputy Sheriff; SR. MICHAEL E. KOZIKOWSKI,
Recorder of Deeds; JUSTICE GARY F. TRAYNOR, Supreme Court of the State of
Delaware

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:23-cv-01360)
District Judge:  Honorable Gregory B. Williams

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 29, 2025

Before: SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, Circuit Judges

(Opinion filed February 3, 2025)

PER CURIAM

Joseph Elad appeals the District Court's order dismissing his complaint and denying various outstanding motions. We will affirm the District Court's judgment.

I.

This case arises from foreclosure and ejectment proceedings against Elad in Delaware state court.[1] Elad sued several defendants in the District Court for alleged conduct during the proceedings that led to him being evicted from his property. He brought claims against Truist Bank and its vice president, the law firms and attorneys that represented Truist Bank and its predecessor entity in the proceedings, Delaware judges and judicial employees, the New Castle County recorder of deeds, and the New Castle County Sheriff and Chief Deputy Sheriff. Elad sought monetary damages and injunctive relief.

Elad asserted that his claims arose under 1) the U.S. Constitution; 2) various federal criminal statutes; 3) the Hobbs Act; and 4) the Administrative Procedure Act.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] See, e.g., In re Elad, 312 A.3d 735 (Del. 2024); Truist Bank v. Elad, No. N23C-02-243, 2023 WL 8543413 (Del. Super. Ct. Dec. 11, 2023); Truist Bank v. Elad, No. N23C-02-243, 2023 WL 8582664 (Del. Super. Ct. Dec. 11, 2023); Truist Bank v. Elad, No. N23C-02-243, 2023 WL 7276648 (Del. Super. Ct. Nov. 3, 2023); Truist Bank v. Elad, No. N23C-02-243, 2023 WL 7280155 (Del. Super. Ct. Nov. 3, 2023); Branch Banking & Tr. Co. v. Elad, No. N17L-06-100, 2022 WL 3442214 (Del. Super. Ct. Aug. 17, 2022).

He claimed that during the state court proceedings, he 1) was never served, 2) that he was denied due process, equal protection, and a jury trial, 3) that the foreclosure and sale of his property were illegal, and 4) that the state court judges involved in the proceedings committed criminal and unconstitutional acts, failed to respond to his filings, and issued orders without authority. Elad averred that he mailed copies of the summons and complaint to each defendant, and that he requested return receipts.

Several defendants filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1), (5), and (6), and some defendants answered the complaint. Meanwhile, Elad filed several motions, including requests to enter default judgment against the defendants for failing to answer the complaint timely, and a "Writ of Habeas Corpus" signed by another individual, Andrew Pritchard. Dist. Ct. Dkt. Nos. 19, 22, 26, 28, 31, 32, 52, 55, 57, 59, 61.

The District Court construed the action as having been brought under 42 U.S.C. § 1983. It granted the dismissal motions and sua sponte dismissed the remaining defendants. First, it concluded that the judicial officers were entitled to judicial immunity, and that the judicial employees were entitled to quasi-judicial immunity because they acted "in accordance with their duties or at the direction of a judicial officer." Dist. Ct. Dkt. No. 62 at 5. It also concluded that the County Sheriffs and the Recorder of Deeds were entitled to quasi-judicial immunity. The Court dismissed the claims against the remaining defendants after concluding that Elad failed to allege that they acted under the color of state law, that Elad could not invoke criminal statutes in the civil suit, and that "the Administrative Procedure Act and Hobbs Act [were] wholly

3

inapplicable to the facts alleged." Dist. Ct. Dkt. No. 62 at 7. The Court also found that further amendment would be futile. Finally, the Court denied Elad's pending motions. Elad appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review the dismissal of the complaint de novo, and we may affirm the District Court for any reason supported by the record. See Krieger v. Bank of Am., N.A., 890 F.3d 429, 437 (3d Cir. 2018); Laurel Gardens, LLC v. Mckenna, 948 F.3d 105, 116 (3d Cir. 2020). We accept the facts alleged in the complaint as true and determine whether the complaint, viewed in the light most favorable to Elad, states enough facts to support a plausible claim for relief. See Krieger, 890 F.3d at 437. Legal conclusions and "recitals of the elements of a cause of action" that are "supported by mere conclusory statements" are not sufficient to survive dismissal. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We review the denial of entry of default judgment for abuse of discretion. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). The court considers "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether [the] defendant's delay is due to culpable conduct." Id.

III.

First, Elad argues that the Court erred by construing his complaint as brought under 42 U.S.C. § 1983 instead of the Administrative Procedure Act. But Elad alleged no facts supporting a claim under the Administrative Procedure Act, as he did not

4

challenge a federal agency's decision.[2]  Rather, he asserted that Delaware judicial employees, New Castle County employees, and private individuals deprived him of his constitutional rights.  Thus, the Court properly construed the complaint as bringing § 1983 claims.  See Castro v. United States, 540 U.S. 375, 381-82 (2003); see also Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (explaining that we judge a pleading on its substance, rather than its form or label).

Elad also challenges the District Court's dismissal of his claims against the judicial employees and county officials based on immunity.  He claims that judicial immunity did not apply because he sued these defendants in their individual capacities, not their official capacities.  Elad is mistaken.  Judicial and quasi-judicial immunity apply to § 1983 claims against officials sued in their individual capacities.  See, e.g., Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184-85 (3d Cir. 2009).

As for the remaining defendants, Elad failed to plead that they acted under color of state law to state a claim under § 1983.  See West v. Atkins, 487 U.S. 42, 48 (1988).  And Elad does not meaningfully dispute the District Court's ruling that he could not enforce criminal statutes in his civil suit against any of the defendants.  See United States v. Albertson, 645 F.3d 191, 195 (3d Cir. 2011).

Next, Elad maintains that the District Court's dismissal of his "Writ of Habeas Corpus" was error.  Dt. App. Dkt. No. 14 at 14.  Elad did not sign the petition; rather, it

---

[2] Under the Administrative Procedure Act, an aggrieved party may seek judicial review of a final agency action.  See 5 U.S.C. §§ 702, 704.  An "agency" is an "authority of the Government of the United States."  Id. § 701(b).

5

was signed by and submitted on behalf of an individual who was not a party to the case. See Fed. R. Civ. P. (11)(a). Additionally, the "Writ of Habeas Corpus" raised the same errors as the complaint. Dist. Ct. Dkt. No. 55; see also Dist. Ct. Dkt. No. 14. We discern no error. Nor did the District Court err by denying Elad's motion "for Judicial Notice of Adjudicative Fact," in which he asked the Court to confirm or deny the language of a judge's oath. Dist. Ct. Dkt. No. 61.

Finally, Elad argues that the District Court erred by denying his requests for entry of default judgment. We discern no abuse of discretion, as the defendants averred that Elad did not serve them properly, and they presented litigable arguments that the complaint failed to state a claim for relief. Cf. Chamberlain, 210 F.3d at 164 (affirming the denial of a default judgment motion because the plaintiff was not prejudiced, the defendant alleged a litigable defense to the complaint counts, and there was no evidence suggesting that the defendant's delay was willful or in bad faith).

Accordingly, we will affirm the District Court's judgment. Elad's motions for default judgment are denied. To the extent that Elad seeks other relief on appeal, it is denied. Appellees' January 2, 2025 motion to file a supplemental appendix is granted.

6